THE STATE OF DELAWARE upon the relation of IRENE BRUMLEY, Executrix of HORACE T. BRUMLEY, deceased, *vs.* THE JESSUP AND MOORE PAPER COMPANY, a corporation existing under the Laws of the State of Delaware.

1. APPEAL AND ERROR—MANDATE—POWERS OF LOWER COURT.

When the Supreme Court has reversed a judgment of the Superior Court sustaining the return to an alternative writ of mandamus, and has directed the issuance of a peremptory writ, the Superior Court has no duty or power, except to issue the peremptory writ as directed, in conformity with the opinion delivered by the Supreme Court.

The Supreme Court ordered mandamus requiring a corporation to permit a stockholder to inspect and make copies of such books, papers, and writings of the corporation, and only such, as under direction of the Superior Court might be found essential to furnish the stockholder information as to the value of his stock.    *Held*, that the peremptory writ would require the corporation to permit the stockholder to examine and make copies of the company's general ledgers and the balance sheets submitted by the company to the directors, but not to inspect the directors' minutes, or make copies of the names of the corporation's customers.

(*April* 8, 1912.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Robert H. Richards* for relator.

*Saulsbury* and *Morris* for respondent.

Superior Court, New Castle County, March Term, 1912.

MANDAMUS (No. 114, June Term, 1908). Application to the Superior Court for a peremptory writ of mandamus to compel the respondent to allow the relator to inspect and make copies of certain books, etc., in conformity with the opinion of the Supreme Court in reversing the judgment of the said Superior Court in refusing to quash the return to the alternative writ.

See motion to quash the return to the alternative writ (7 *Penn*, 397). Refused. Motion to· quash writ of error; refused. (*post.*) Writ of error—reversed in part and remanded. (1 *Boyce*, 379). Application to amend the return. Denied. (*ante.*)

PENNEWILL, C. J., delivering the opinion of the court:

The Supreme Court in reversing the court below in the above stated case, said:

"We hold that the relator is therefore entitled to the peremptory writ of mandamus of the court to which this case is remanded, to be issued by that court under such reasonable regulations as to time and place as it may direct, commanding the defendant to suffer and permit the relator, or his duly authorized attorney, to inspect and make copies of such of the books, papers and accounts and writings of the defendant mentioned in his petition, ·and only of such of them that, under the direction of said court, are found essential and sufficient to furnish the information whereby the relator may determine the value of his stock."

[1] The Superior Court has no duty to perform, and no power in the premises, other than to carry out the mandate of the Supreme Court, which is, to order the issuance of the peremptory writ as directed, and in conformity with the opinion delivered by the court.

[2] Manifestly such opinion means that the relator and his counsel should not be permitted to inspect and make copies of all the books and papers mentioned in his petition; but only of such of them as are required to furnish the information asked for.

Our effort has been to ascertain what books and papers are required for such purpose, and we have made some independent inquiry and investigation in order to ascertain that fact. The

task imposed has not been easy to satisfactorily perform. The thought in the mind of the Supreme Court evidently was that inspection should not be authorized except for the purpose mentioned in the petition, to wit: the ascertainment of the value of the stock, and that the business of the defendant company should not be interfered with by any inspection of its affairs not essential to that purpose. In order to faithfully carry out the mandate of the court, it is our duty to restrict the inspection so far as may be consistent with the relator's rights under the decision of the Supreme Court.

What books and papers, and what books and papers only, are required to furnish the information whereby the relator may determine the value of the deceased's stock in said company, cannot perhaps be ascertained with perfect exactness, but it is our opinion, based upon the most reliable information we have been able to obtain, that the minutes of the directors are not so required. There may be very much in the minutes that would not be pertinent to the inquiry, and which need not be disclosed.

We are of the opinion that in order to ascertain the value of the stock held by Horace T. Brumley, deceased, his executrix should be permitted to inspect and make copies of the general ledgers of the defendant company, from the first day of August 1905 up to the present time and also of the statements or balance sheets submitted by the company to the directors thereof, showing the business done by the company, its profits and losses, and assets and liabilities, from the first day of August, 1905, up to the present time; but that no copies should be made of the names of the customers of the company, either the persons from whom it buys or to whom it sells.

We further hold that such inspection and copies should be made by the relator, or by her duly constituted attorney, between the hours of ten and twelve o'clock in the forenoon, and one and three o'clock in the afternoon, of such number of consecutive days as may be necessary for that purpose, after ten days' notice by the relator of her intention to begin such inspection and making of copies and of the name of her attorney duly constituted for that purpose, in case she should name such an attorney; and that such inspection and such copies shall be made at the principal office

of the defendant company within the State of Delaware, to wit, at the Augustine Mills, belonging to said company, near the City of Wilmington, Delaware, unless the said relator and the said defendant can, by written stipulation filed in this cause, agree upon another place for making such inspection and copies more convenient to both of them, or either of them.

AND AFTERWARDS to wit, on the ninth day of April, A. D. 1912, the said court ordered and adjudged that the peremptory writ of mandamus of the State of Delaware should issue, which said order, omitting the caption and signature of the Chief Justice, is in the words and figures following, to wit:

AND NOW, TO WIT, This ninth day of April, A. D. 1912, on motion of Robert H. Richards, Esq., attorney for the relator in the above entitled cause,

IT IS CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that the Prothonotary of this court be, and he hereby is, authorized and directed to issue forthwith a peremptory writ of mandamus in the above entitled cause, as awarded by the Supreme Court of this state, directing and commanding the defendant, The Jessup and Moore Paper Company, a corporation of the State of Delaware, to suffer and permit the relator, Irene Brumley, Executrix of Horace T. Brumley, deceased, or her duly constituted attorney, to inspect and make copies of the general ledgers of the defendant company from the first day of August, 1906, up to the present time, and also to inspect and make copies of the statements or balance sheets submitted by the defendant company to the Directors thereof, showing the business done by the company, its profits and losses and assets and liabilities from the first day of August, 1905, up to the present time; provided however, that no copies shall be made by the said relator, or her duly constituted attorney, of the names of the customers of the company, that is to say, the persons from whom it buys or to whom it sells:

AND IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED BY THE COURT that such inspection and such copies of all such books and papers shall be made by the said relator, or her duly constituted attorney, between the hours of ten and twelve o'clock

in the forenoon and one and three o'clock in the afternoon of such number of consecutive days as may be necessary for that purpose, after ten days' notice by the relator of her intention to begin such inspection and making of copies and of the name of her attorney duly constituted for that purpose, in case she should name such an attorney; and that such inspection and such copy shall be made at the principal office of the defendant company within the State of Delaware, to wit, at the Augustine Mills, belonging to said Company, near the City of Wilmington, Delaware, unless the said relator and the said defendant can, by written stipulation filed in this cause, agree upon another place for making such inspection and copies more convenient to both of them, or either of them:

AND IT IS FURTHER ORDERED that the said peremptory writ of mandamus shall be, and same hereby is made returnable on the third Monday of the May Term, A. D. 1912, of this court.