THE STATE OF DELAWARE, upon the relation of REMINGTON ROGERS, *vs.* SHERMAN OIL COMPANY, a corporation organized and existing under the laws of Delaware.

1. CORPORATIONS—STOCKHOLDER MAY INSPECT BOOKS TO DETERMINE VALUE OF HIS STOCK.

A Stockholder has a right to inspect at proper times and places such books and papers of the company as may be necessary to furnish the information desired by him, his reason therefor being a proper one, as to obtain information to ascertain the value of his stock.

2. MANDAMUS—REFUSED TO REQUIRE CORPORATION TO PERMIT INSPECTION OF BOOKS OF ANOTHER INDEPENDENT CORPORATION.

Mandamus will not issue to require respondent to permit relator to inspect the books of another separate and independent corporation, merely because respondent is a majority stockholder of such corporation, it having neither possession or control of them, and not having used its power as such majority stockholder; the writ not issuing where respondent is not shown to be in a position to comply.

3. MANDAMUS—RETURN'S AVERMENT OF FACTS TAKEN AS TRUE.

Return to petition for mandamus must be taken to be true as to averments of facts.

4. CORPORATIONS—EXTENT TO WHICH STOCKHOLDER MAY MAKE COPIES OF PAPERS STATED.

A stockholder, on inspection of books and papers of the corporation for purposes of determining value of his stock, has a right to make copies of such only as are essential and sufficient to furnish the information.

(*March* 15, 1922)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*James I. Boyce* for relator.

*Herbert H. Ward, Jr.*, for respondent.

Superior Court for New Castle County, March Term, 1922.

MANDAMUS, No. 146 January Term, 1922.

The relator filed a petition at the present term asking for the issuance of a peremptory writ of mandamus, commanding the respondent to permit the relator to inspect and make copies of certain books, records, and papers of the respondent, and of certain books, records and papers of the Gates Oil Company, the respondent being the owner of 94 per cent. of the capital stock of the Gates Company.

The petitioner alleges that he is a citizen and resident of the state of Oklahoma; that the respondent is a corporation of the State of Delaware, its principal office being in the city of Wilmington; that he is the owner of 10 shares of the common stock of the respondent company obtained from a client for legal professional services rendered; that there is no general market for said stock; that it is not listed or sold on any stock exchange and there has never been any market value for it; that there has not been, so far as the petitioner can learn, any recent sales of the stock of the respondent, and he has been unable to ascertain its value; that the only sale of such stock of which the petitioner has been able to obtain any information was a fictitious and pretended sale for a nominal figure by certain stockholders for the purpose of showing a loss on the books of account of said stockholders; that the respondent is the owner of approximately 94 per cent. of the

capital stock of the Gates Oil Company, a corporation of the state of
Oklahoma, and has no other assets, and that the Gates Oil Com-
pany is the agency through and by which the respondent operates;
that the Gates Oil Company is believed to be the owner of large
and valuable properties which the respondent operates and re-
ceives benefits from by reason of its stock ownership therein;
that the respondent controls the election of directors and manages
the Gates Oil Company, and maintains the fiction of separate cor-
porate existence apart from the said Gates Oil Company for con-
venience of operation and control, and that the respondent has no
income producing property except its said stock in the Gates Oil
Company; that the petitioner, on December 29, 1921, at its prin-
cipal office of business in New York City, where all its books, re-
cords, etc., are kept, requested, in writing, permission to inspect
and make copies of the books and records of the respondent com-
pany in so far as the same would indicate the value of the common
stock, but that the respondent refused such request; that on the
same day the petitioner requested, in writing, permission to in-
spect the books and records of the Gates Oil Company for the
same purpose, but such request was likewise refused; that the
value of the petitioner's stock in the respondent corporation is
determined by the value of the properties held by the Gates Oil
Company, and it cannot be accurately determined without an in-
spection of the books of account of the Gates Oil Company; that
the petitioner has not been able to ascertain the amount of out-
standing stock in the respondent corporation, nor the income re-
ceived by it, and the same cannot be ascertained except from an
inspection of the books and records of the respondent company;
that the petitioner does not know and has no means of ascertain-
ing the value of said stock of the Gates Oil Company but is in-
formed and believes that it is worth much more than the par value
thereof; neither does he know what the value of the stock of the
Gates Oil Company, held by the respondent, is shown to be by its
books and records, but he is informed and believes that the re-
spondent has not set forth the true value of said stock on its books
and records; that, as a stockholder as aforesaid, and for the pur-

31 Del.1      ROGERS vs. SHERMAN OIL CO.           573

Statement.

pose of enabling him to obtain evidence as to the actual value of his shares of stock and to determine what are the assets and liabilities and earning powers of the respondent corporation, the petitioner is entitled to inspect and make copies of such of said books and papers now in the possession of the respondent, or such parts thereof, as may be necessary to ascertain the value of his stock.

The petitioner further alleges that he is not a competitor of either the respondent corporation or the Gates Oil Company, and that he desires to inspect said books, records and papers, not from mere idle curiosity, nor for speculation or any improper purposes, but solely because they furnish the only evidence accessible of the facts thereby shown, which facts are material and necessary to enable the petitioner to determine the value of his shares of stock; that his said stock, received as aforesaid, is a portion of his income for the calendar year of 1921, and he is under the legal duty of preparing and showing income received by him during said year, 1921, and of paying to the United States Government a tax based on the amount of his income. The petitioner claims that he is entitled to inspect and make copies of the said books, papers and documents of the said Sherman Oil Company and the said Gates Oil Company, to wit:

(a)   The books of account of the said Sherman Oil Company which show the amount or amounts received from the sale of preferred stock from September 20, 1921, to date and the books of account showing the disposition of funds received from the sale of preferred stock during said period.

(b)   The stock books showing the number of shares of the preferred stock and the common stock of the said Sherman Oil Company issued and outstanding.

(c)   The ledgers and other books showing the amount of business done by the said Sherman Oil Company from September 20, 1921, to date.

(d)   Balance sheets made or submitted to the directors showing the business done by the corporation; the profit and loss statements and the assets and liabilities of the said company from September 20, 1921, to date.

(e)   The books of account of the said Gates Oil Company in the custody and control of the said Sheman Oil Company.

(f)   The stockledgers of the said Gates Oil Company showing the number of shares of stock of the said Gates Oil Company issued and outstanding.

(g)   The ledgers and other books of the said Gates Oil Company showing the amount of business done by the said Gates Oil Company from September 20, 1921, to date.

(h) · Statements made or submitted by the said Gates Oil Company to the said Sherman Oil Company or to the directors of the said Sherman Oil Company and the balance sheets, the profit and loss accounts and statements of assets and liabilities of the said Gates Oil Company from the said twentieth day of September, A. D. 1921, to date.

The petitioner asks that a peremptory writ of mandamus be issued commanding the respondent company to permit him or his duly authorized agents or representatives to inspect and make copies of said books, records, papers and documents of said companies.

In its return to the alternative writ the respondent admits that the petitioner is the holder of record of ten shares of the common stock of the Sherman Oil Company; that so far as it knows there has been no general market for the stock of said respondent company, and that it is not listed or sold on any stock exchange; that it is the owner of approximately 94 per cent. of the capital stock of the Gates Oil Company; that the Gates Oil Company is the owner of large and valuable properties from which it produces oil and which was the inducement for the purchase by the respondent of the stock of said company; that it, the respondent, has at present no properties producing income; that the petitioner orally requested permission to inspect the books of the respondent on the 29th day of December, 1921, and that respondent refused to permit the inspection asked for, believing that the petitioner was not making such application in good faith, or for the purpose in his petition alleged; but "the respondent now proffers itself willing

at all reasonable times to allow the petitioner to make an inspection of the books and papers in the petition mentioned, at its office in the city of New York, where the said books, papers, statements and all accounts of the respondent are kept."

The respondent, however, denies that the Gates Oil Company is the agency, instrumentality and tool through which the respondent operates, and that it operates or maintains said oil properties, or receives the benefit thereof by reason of its stock ownership therein, except as dividends may be declared and the respondent benefits thereby. The respondent denies that it controls the election of directors or manages the Gates Oil Company, or that there is any fiction of separate existence apart from the Gates Oil Company for convenience of operation and control. The respondent avers that its stock in the Gates Oil Company was acquired in September last, at which time it was a going concern, having, as the respondent believed, a profitable business and making gains which could be applied to dividends.

The respondent avers that it never directly or indirectly had possession or control of any of the books, records, or statements of the Gates Oil Company, and has never received from said company either prior to its acquiring of stock therein or since, any of its books, records and papers of any kind what ever; that the board of directors and officers of the Gates Oil Company are entirely separate and distinct from the Board of Directors and officers of the respondent; that the respondent has never voted its stock at any stockholders' meeting of the Gates Oil Company for the election of directors; that the Gates Oil Company is a corporation of the State of Oklahoma, and from information received it avers that all the books of the Gates Oil Company are kept in the State of Oklahoma, in which its properties are located and in which it operates; that the respondent has had nothing to do with the management, direction or control of the Gates Oil Company, nor has it assisted directly or indirectly in financing it.

The respondent denies that either F. J. Dwyer, an agent of the respondent company, or the company, had possession and control of any of the books and records of the Gates Oil Company as

alleged by the petitioner, and also denies that the value of the petitioner's stock in the respondent corporation is determined by the value of the properties held by the Gates Oil Company, or that the petitioner has not been able to ascertain the amount of outstanding stock in the respondent corporation but avers that such information was furnished to the petitioner prior to the filing of his petition;· the respondent denies that the petitioner is under any legal duty in preparing his Federal Income Tax Report to inspect the books and papers of the respondent. The respondent avers that it does not refuse the petitioner the right to inspect its books of account and balance sheets to show the amount received from the sale of its preferred stock from September 20, 1921, to date, or any other of its books mentioned in his petition, but showing that the petitioner desires to make copies of such books and papers for improper purposes, the respondent·has refused to allow the petitioner to make copies of such books, statements and balance sheets.

The respondent further denies that statement of its accounts or affairs has ever been made by the Gates Oil Company to the Shermain Oil Company, its officers or directors; and avers that the said Gates Oil Company is an independent going concern; that all its books of account, records and statements are kept in the State of Oklahoma, and the respondent is without power or authority to compel the production of any of the books of account, records or statements in said petition mentioned, of the said Gates Oil Company, for inspection by the petitioner, either at its offices in New York, or in the State of Oklahoma, where the respondent is informed all of such books of account and statements are kept; and it is further averred in respondent's return that examination of its books, records and balance sheets by the petitioner, without being allowed to make copies thereof, will be amply sufficient, and all to which the petitioner can be entitled for the purpose in his petition set forth.

Petition granted against respondent for the purpose of determining the value of relator's stock; refused as to the Gates Oil Company.

PENNEWILL, C. J., delivering the opinion of the court:

This case is before the court on a motion to quash certain parts of respondent's answer or return to the alternative writ.

There are three questions raised by the petition and answer:

(1) The right of the petitioner to inspect the books and papers of the defendant company.

(2) The right to inspect the books and papers of the Gates Oil Company.

(3) The right to make copies of such books and papers.

[1] The right of the petitioner to inspect the books and papers of the Sherman Oil Company, the respondent, is not seriously controverted; indeed, it is granted in the return. But, even if it were not granted or admitted, the court would feel constrained to concede the right, under the law of this as well as other states.

Where the reason or motive for inspection is a proper one, the court will grant the right to inspect such books and papers of the respondent corporation as may be necessary to furnish the information desired by the petitioner, such right to be exercised at reasonable and proper times and places.

The reason alleged for inspection in this case is to obtain information that will enable the petitioner to ascertain the value of his stock.

The reason alleged seems to be a proper one, and the court are not convinced by anything averred in respondent's return that it is improper, or not made in good faith.

[2] But the respondent insists that it would be unable to allow inspection of the books and papers of the Gates Oil Company because it has neither the possession or control of them.

It is undisputed that the two companies are legally separate and independent entities; that the directors and officers are entirely distinct; that all the books and papers are kept, not only in different offices, but in different states, and far apart. It is averred in the return that the respondent acquired its stock in the Gates Oil Company purely as an investment; that it has had nothing to do with the financing, management or control of said

company, which was and is a going concern, having a profitable business and making gains which could be applied to dividends.

While it is alleged in the petition that the respondent has control of the management, books and papers of the Gates Oil Company, it is not claimed that it is not legally a separate and independent corporation, having directors, officers and place of business entirely distinct from the respondent; it is not alleged that there has been any meeting of the stockholders of the Gates Oil Company since the respondent acquired its stock therein in September last, at which the respondent voted, or could have voted its stock and thereby obtained control of the company.

The relator's case is based entirely on the theory that, because the respondent has a largely preponderating amount of the capital stock of the Gates Oil Company, it has the power to produce, for the inspection of one of its share holders, the books and papers of said company.

It may be that, because of the respondent's large interests in the company, it might exert such persuasive power as to secure the production of its books for the relator's inspection, but in this proceeding we are not dealing with possibilities, but only with the legal power or ability of the respondent to comply with the command of the court, if a peremptory writ should be issued as prayed for by the petitioner.

If the power of the respondent to comply with the writ would be lacking, then, under all the authorities, it should not be issued. To entitle the relator to the issuance of the writ, his right to the relief sought must be clear, and the ability of the respondent to grant the relief must sufficiently appear.

It is true, as argued by the relator, that the respondent's return is not to be accepted as true in respect to averments that are conclusions of law, or that are merely argumentative, but it must be taken to be true as to averments of facts, and the court are of the opinion that from such averments it sufficiently appears that the respondent would not have the legal ability to furnish the relief asked for. The writ is never issued if the court is convinced

that it would be unavailing or that it would be vain and futile for the purpose for which it is sought.

The relator's thought seems to be, that the court may compel the respondent to secure a meeting of the stockholders of the Gates Oil Company, and thereby gain control of the company and furnish for inspection the books and papers desired. It is quite possible that the defendant might be able, by virtue of its stock holdings in said company, to acquire control of it by voting its stock, if a stockholders' meeting were held, but it does not appear that such a meeting has been held since the respondent secured its stock; neither does it appear when or how a meeting could be held under the laws and rules governing the corporation. It is sufficient to say, it is not shown that the respondent was, at the time the petition was filed, is now, or would be if the writ was issued in a position to comply with its mandate.

[3] So far as the court are informed, this is the first time the question we are now discussing has been distinctly raised in this or any other state. And it so happens that the one case in which a question somewhat analogous to the present one was passed on was in our own state, viz.: *Martin v. Martin,* 10 *Del. Ch.* 211, 88 *Atl.* 612, 102 Atl. 373. But that case was different from the one at bar in these particulars: (1) It was in a court of equity where the principles of law are not so controlling as in this court. (2) The companies that were required to produce their books and disclose the information required in connection with the charge of fraudulent mismanagement of corporate affairs, were practically one and the same in so far as management and control were concerned. There were eight companies engaged in the same general business. The president of the respondent company was president of all the allied companies but one, the respondent company owned all the shares of stock of seven of them. All the members of the boards of directors of four of the allied companies were directors of the respondent company, and a majority of the members of the boards of directors of the other four were directors of the respondent company.

It was held that the subsidiary corporations should be re-

garded by a court of equity as mere instrumentalities of the respondent, and compelled to produce the books of such companies, for discovery, as well as its own.

Certainly a court of equity, under the searching and almost unlimited power it possesses, and its disregard of mere forms, in discovering and revealing fraud, had, under such circumstances the right to compel the production of the books and papers of such companies. The case was different from the one before us, not only because of the character of the court in which it was brought, but also because of the close relations existing between the companies and the identity of management and control. They were not, in fact, independent entities, or separate and distinct, as in the present case.

[4] But, even though the relator has a right to inspect the books, records and papers of the respondent corporation for the purpose of ascertaining the value of his stock, has he the right to make copies thereof?

This question has been considered and passed upon by our own courts, which hold, in conformity with the law laid down by text writers and adjudicated cases elsewhere that:

"The right of a stockholder to make copies, abstracts and memoranda of documents, books and papers is an incident to the right of inspection. * * * The right rests, as does the similar right to examination, upon the broad ground that the business of the corporation is not the business of the officers exclusively, but the business of the stockholders." 4 *Fletcher's Enc. of Corporations*, 4123, 4124, § 2840; *Swift v. Richardson*, 7 *Houst*. 338, 6 *Atl*. 856, 32 *Atl*. 143, 40 *Am. St. Rep*. 127; *State v. Jessup & Moore Paper Co.*, 1 *Boyce* 379, 398, 77 *Atl*. 16, 30 *L. R. A*. (*N. S.*) 290; *State v. Jessup & Moore Paper Co.*, 3 *Boyce*, 329, 331, 83 *Atl*. 30.

In the last-cited case, it was held that a stockholder has the right to inspect and make copies of such of the books, papers, accounts and writings of the respondent mentioned in his petition, and only of such of them, as are found essential and sufficient to furnish the information whereby the relator may determine the value of his stock.

The court hold in the present case that the relator is entitled to inspect and make copies of such of the books, records and papers of the respondent company, mentioned in his petition, as are

essential and sufficient to furnish the information whereby the relator may determine the value of his stock, and that a peremptory writ should be issued for that purpose; but also hold that such writ should not be issued against the respondent company commanding it to permit the relator to inspect and make copies of the books, records and papers of the Gates Oil Company.

The relator's motion to quash the return of respondent is accordingly granted in part and refused in part.