[Civ. No. 5548. Second Appellate District, Division One.—January 11, 1929.]

W. H. LISLE, Appellant, v. E. S. SHIPP et al., Respondents.

Everts, Ewing, Wild & Everts and Kemp, Partridge & Kemp for Appellant.

Fickeisen & Richardson and J. E. Haley for Respondents.

CONREY, P. J.— According to the petition or complaint filed in the court below, the following facts appear: Haden Securities Company, Inc., is a California corporation having 10,000 shares, of which petitioner is owner of 200 shares. E. S. Shipp is the owner of more than 5,000 shares, and is president of the corporation. His wife, E. H. Shipp, is the owner of 100 shares, and is the secretary and treasurer of the corporation. Shipp and his wife are two of the three directors, and are, therefore, in practical control of the business of the corporation.

Metropolitan Finance Corporation is a California corporation wherein Shipp is the owner of a majority of the issued capital stock, and is its president. Defendant Hemphill is the secretary of that corporation. It is alleged that Shipp, being general manager of the Haden company, sold some of its properties, and invested the proceeds thereof, with other

money of the company, amounting in all to the sum of $69,600, by using it for the purchase of stock of the Metropolitan corporation.

The petition does not allege any facts showing misconduct or want of good faith on the part of the officers of the Haden company in the above-mentioned transactions. Nevertheless, basing his claim upon his status as a stockholder in the Haden company, petitioner demanded that he be permitted to inspect the books, files, and properties of the Metropolitan corporation. That demand having been refused, he made application in the superior court for a writ of mandate requiring that he be allowed to make said inspection. An alternative writ of mandate was issued, and a hearing was had on the merits on the return date. This hearing appears to have occurred in open court, with argument by counsel for the respective parties, and without any return or pleading filed on the behalf of the defendants. It must be presumed, therefore, that the application for the peremptory writ was denied upon the ground that the facts stated by petitioner were insufficient to establish his right to the writ. It is from this judgment that the plaintiff appeals.

It is provided by the constitution of California, article XII, section 14, that every corporation (with certain exceptions which have no application here) shall keep certain books and records which shall be subject to inspection by "every person having an interest therein." Under the provisions of sections 377 and 378 of the Civil Code, the records of all corporations for profit shall be open to inspection of any *bona fide* stockholder thereof. There is one exception which we need not discuss, as it does not present any question under this record.

It is manifest that appellant did not come before the superior court claiming any right as a stockholder of the Metropolitan corporation in the legal sense of the word "stockholder." So far as the last-named corporation is concerned, his only interest is that indirect interest belonging to him as a stockholder in the Haden company which, in turn, is the owner of stock in the Metropolitan corporation. In the absence of any equitable considerations arising out of wilful or fraudulent mismanagement of the Haden company, which might authorize a stockholder to apply for relief on behalf of the Haden company and its stock-

holders, appellant was not in any position entitling him to exercise on behalf of the Haden company its right of inspection of the books or other properties of the Metropolitan corporation. The corporate powers, business, and property of a corporation must be exercised, conducted, and controlled by its board of directors. (Civ. Code, sec. 305.) The Haden company's right to inspect the books and properties of the Metropolitan corporation is a part of the rights and powers which, at least under ordinary circumstances, are vested exclusively in the board of directors. If there be any possible circumstances which would constitute an exception to this rule, they do not appear in the statement of facts contained in the petition in this case.

So far as appears, there is no California decision where any direct expression of opinion has been made upon the point involved here. In *National Bank* v. *Western Pacific R. R. Co.*, 157 Cal. 573, 581 [21 Ann. Cas. 1391, 27 L. R. A. (N. S.) 987, 108 Pac. 676], the supreme court said that stockholders and creditors of a corporation are the only persons who have a right to inspect its books. (Citing Civ. Code, sec. 387.) But no reference was made to the provisions of the constitution above mentioned. We are not referred to, and we have not found, any case which throws any light upon the contention of appellant that a stockholder of one corporation is a person having an interest in another corporation merely by virtue of the first corporation's ownership of stock in a separate and independent corporation. We have examined the three decisions of other states, cited by appellant. These are *Martin* v. *D. B. Martin Co.*, 10 Del. Ch. 211 [88 Atl. 612, 102 Atl. 373], *State ex rel. Rogers* v. *Sherman Oil Co.*, 1 W. W. Harr. (Del.) 570 [117 Atl. 122], and *Woodworth* v. *Old Second Nat. Bank*, 154 Mich. 893 [117 N. W. 893]. These decisions go no further than to hold that where company A is the owner of all the stock in company B, and in practical control thereof, so that they are in effect operated as one business; and where a stockholder in company A has made some showing to the effect that the officers in control of the plaintiff's own corporation are misusing their powers for fraudulent or otherwise illegal purposes, and the second company is merely an agency and tool through which the first company operates, the right of inspection will be extended to the books of both corporations. As stated in *State* v. *Sherman Oil Co., supra,*

this rule is based upon the power of a court of equity to disregard mere forms for the purpose of discovering and revealing fraud. In aid of that purpose the court will, under appropriate circumstances, exercise the right to compel the production of the books and papers of both corporations. In determining whether this authority shall be exercised, the court takes into consideration not only the character of the court as a court of equity, but the close relationship shown to exist between the corporations, and their identity of management and control. But the right will not be so exercised under ordinary circumstances, and where the two corporations are in fact separate and distinct entities. In the case at bar, no facts were presented which entitle the petitioner to act on behalf of the Haden company, or to assert on his own behalf any right of inspection of the books and properties of the Metropolitan corporation.

The judgment is affirmed.

Houser, J., and York, J., concurred.