[No. A049724. First Dist., Div. Five. Dec. 20, 1990.]

PAUL FELDMAN, Plaintiff and Respondent, v.
SAN MATEO FINANCIAL CORPORATION et al., Defendants and
Appellants.

COUNSEL

Dinkelspiel, Donovan & Reder, Ben I. Hamburg and Brett W. Herr for Defendants and Appellants.

Carr, McClellan, Ingersoll, Thompson & Horn, Terri W. Teitelbaum and David M. McKim for Plaintiff and Respondent.

## Opinion

**LOW, P. J.**—The Financial Code and not the Corporations Code controls the rights of shareholders to inspect the records of state savings and loan associations. When a shareholder owns stock in the holding company and not the wholly owned subsidiary savings association, the shareholder has no right of access to minutes of the director's meetings or accounting records. We recommend that the Legislature reexamine the limitations on shareholders of holding companies to inspect records of the subsidiary savings associations.

Appellants challenge the issuance of a peremptory writ of mandate granting respondent's request to inspect certain accounting books and records of appellant Great Pacific Savings and Loan Association (hereafter Great Pacific). Appellants also challenge an award of $750 in sanctions based on the trial court's determination that appellants had no justification for failing to comply with respondent's inspection demand. (Corp. Code, § 1604.) We conclude the trial court erred in issuing the writ allowing inspection of Great Pacific's records and in awarding sanctions.

Respondent is the owner of 32,000 shares of stock in appellant San Mateo Financial Corporation (hereafter SMFC), which is the holding company for its wholly owned subsidiary, appellant Great Pacific. Starting in May 1989, respondent's attorneys sent four letters to Great Pacific demanding inspection of certain specified documents. Although there exists some dispute about the scope of respondent's inspection request, the trial court concluded respondent formally requested documents pertaining to loans made by Great Pacific to any of its present or former directors, any affiliate of any present or former director, or anyone who received a fee paid by Great Pacific. Respondent also requested all board of director meeting minutes of Great Pacific and SMFC from January 1, 1985, through the present and all accounting books and records for the same time frame.

Respondent relied on Corporations Code section 1601, subdivision (a) in making his inspection demand. That section provides in part: "The accounting books and records and minutes of proceedings of the shareholders and the board and committees of the board of any domestic corporation . . . shall be open to inspection upon the written demand on the corporation of any shareholder . . . at any reasonable time during usual business hours, for a purpose reasonably related to such holder's interests as a shareholder . . . . The right of inspection created by this subdivision shall extend to the records of each subsidiary of a corporation subject to this subdivision." Respondent's asserted purpose in requesting inspection of the documents was to substantiate his concern that certain directors and their

affiliates were receiving corporate loans on favorable terms. He also sought confirmation that the legal defense of certain corporate directors was being paid out of corporate funds. Appellants maintain that respondent is simply harassing Great Pacific because Great Pacific has filed two lawsuits against respondent in connection with a failed real estate venture.

Respondent's inspection request was characterized as "inappropriate and without basis" in a letter sent by Great Pacific's legal counsel on July 11, 1989. Counsel also stated he would seek sanctions if respondent attempted to "pursue such demands by way of litigation." Following appellants' refusal to allow inspection of the documents, respondent sought a writ of mandate to enforce his claimed inspection rights under Corporations Code section 1601. Appellants asked that the writ be denied because Financial Code section 6050, rather than Corporations Code section 1601, governed respondent's inspection request, and respondent's inspection demand did not meet the conditions of inspection as prescribed by that statute.

The Savings Association Law is contained in division 2 of the Financial Code of which section 6050 is a part. (See Fin. Code, § 5000 et seq.) Savings associations are defined in Financial Code section 5102, subdivision (a), and it is undisputed that Great Pacific qualifies as a savings association under this definition. Appellants argued the more specific provisions of Financial Code section 6050 prevailed over the more general inspection authority granted by Corporations Code section 1601. Financial Code section 6050, subdivision (a) provides: "The register of stockholders or members, the books of account, and the minutes of an association shall be subject to inspection upon the written demand of any stockholder or member holding at least 1 percent in the aggregate of the outstanding voting shares, and with the prior written approval of the commissioner, after notice to the association. Approval shall not be given unless the commissioner determines that the inspection is not contrary to the best interests of the association and its stockholders or members. Unless the written demand under this subdivision is approved, the commissioner shall hold a hearing to determine whether the demand should be approved. The hearing shall be held within 20 days of mailing a written notice to the association."

It is undisputed respondent's inspection demand has failed to meet the stringent requirements of Financial Code section 6050. In the first place, the right of inspection under Corporations Code section 1601 extends to the records of "each subsidiary of a corporation subject to this subdivision." This language is conspicuously absent from Financial Code section 6050 and would seem to preclude respondent, who is *not* a stockholder of Great Pacific but instead is a stockholder in Great Pacific's holding company,

from exercising any right of inspection. (See *Lisle* v. *Shipp* (1929) 96 Cal.App. 264 [273 P. 1103].) By inserting a holding company between respondent and Great Pacific, Great Pacific has insulated itself from the ordinary opportunities afforded shareholders to gain information about their companies. Moreover, any inspection demand under Financial Code section 6050 is subject to the Savings and Loan Commissioner's prior approval after a determination that "the inspection is not contrary to the best interests of the association and its stockholders." There is nothing in the record to indicate respondent ever sought or obtained the commissioner's prior approval of his inspection demand.

Recognizing that Financial Code section 6050 presented a formidable obstacle to respondent's desire to inspect Great Pacific's corporate records, respondent insisted that his inspection request was governed by the more lenient provisions of Corporations Code section 1601. Respondent argued that while it was true shareholders of savings associations were relegated to the stringent provisions of Financial Code section 6050, he was not such a shareholder; rather, he was a shareholder in SMFC, the holding company for Great Pacific. Because Corporations Code section 1601 specifically granted rights of inspection to persons, like respondent, who had an indirect interest in the corporation, the two statutes applied in two different situations, and Corporations Code section 1601 was the statute which governed respondent's inspection request.

After hearing argument, the court denied respondent's request to inspect documents pertaining to loans made by Great Pacific. Respondent has not appealed this portion of the court's ruling. The court went on to issue a writ of mandate compelling appellants to make available all minutes from board of director meetings of Great Pacific and SMFC commencing on January 1, 1989, and all accounting books and records from January 1, 1985. Respondent was awarded $750 in sanctions based on the court's finding that appellants' failure to comply with respondent's inspection demand under Corporations Code section 1601 was without justification. (Corp. Code, § 1604.)

■ The principal question to be resolved by this appeal is whether a person who is not a shareholder of a savings association, but nevertheless seeks inspection of a savings association's records, is subject to the statutory requirements of Financial Code section 6050. ■ "Given the uncontradicted nature of the facts before us, the question of statutory construction becomes one of law. [Citations.] And so we are not bound by, and 'cannot rest upon,' the findings or decision of the trial court. [Citation.]" (*Mel* v. *Franchise Tax Board* (1981) 119 Cal.App.3d 898, 906 [174 Cal.Rptr. 269].)

■ We begin our analysis under the primary rule of statutory construction that courts must seek to ascertain the intent of the Legislature and give effect to that purpose. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386 [241 Cal.Rptr. 67, 743 P.2d 1323].)
■ The manifest and undisputed purpose of Financial Code section 6050 was to grant shareholders of a savings association a limited right to inspect records upon written demand and subject to prior approval by the commissioner. Nothing in the Financial Code suggests that the Legislature intended to supplement the inspection criteria set out in section 6050 with the more liberal inspection criteria of Corporations Code section 1601. To the contrary, Financial Code section 6500 reflects the Financial Code's paramount jurisdiction over matters involving savings associations. It provides: ". . . If any provision of the General Corporation Law is inconsistent with any provision of this division, the provisions of this division shall prevail."

Respondent sees no inconsistency in the inspection requirements of Corporations Code section 1601 and the inspection requirements of Financial Code section 6050 which would bring the above-cited section into play. He argues that even though he is prevented as a nonshareholder from inspecting Great Pacific's records under Financial Code section 6050, he can nevertheless elect to proceed under the more expansive provisions of Corporations Code section 1601 which grant the right of inspection to persons, such as himself, who have only an indirect interest in the corporation. In our view, respondent's construction frustrates the purpose of Financial Code section 6050—to place more stringent statutory restrictions on the right to inspect records of savings associations as compared with the right to inspect general corporate records. If we were to adopt the construction which respondent urges, we would sanction respondent circumventing the mandatory requirements of the statute which clearly controls in this case in favor of allowing respondent to elect to proceed under a more general statute. ■ As was pointed out in *Rose* v. *State of California* (1942) 19 Cal.2d 713, 724 [123 P.2d 505], a specific provision of the code relating to a particular subject will govern in respect to that subject as against a general provision, although the general provision standing alone would be broad enough to include the subject to which the more particular provision relates. (See also *Lacy* v. *Richmond Unified Sch. Dist.* (1975) 13 Cal.3d 469, 472 [119 Cal.Rptr. 1, 530 P.2d 1377].) ■ In any event, it would also be paradoxical to judicially sanction a nonshareholder's unfettered access to the records of the savings association without having to obtain prior approval by the commissioner under Corporations Code section 1601, while acknowledging that those with a more direct interest in the savings association, i.e., the shareholders, must seek and obtain the commissioner's ap-

proval before engaging in an identical inspection of records under Financial Code section 6050.

In summary, Corporations Code section 1601 and Financial Code section 6050 were both designed to define the rights of individuals seeking to inspect the books and records of a corporation. Which statute applies depends upon the nature of the corporation. If the inspection request involves a savings association, as it does here, the request must comply with the requirements of Financial Code section 6050. Because respondent has admittedly failed to comply with the requirements of Financial Code section 6050, he was not entitled to inspect Great Pacific's records; and the trial court erred in ordering inspection of these records and awarding sanctions.[1]

Our decision in this case is a narrow one because we are guided by clear legislative direction on the point in dispute. The Legislature has provided an exception for savings associations from the otherwise mandatory disclosure requirements of general corporate law. We are not called upon to decide whether the savings associations' interest in secrecy outweighs the benefits attending public disclosure, nor are we called upon to assess the possibility that these restrictive disclosure requirements will have a chilling effect on discovering possible savings association mismanagement. While those charged with the responsibility of enacting our laws might have considered these questions and concluded that Financial Code section 6050 impeded the goal of promoting corporate responsibility, that is not our task. In light of recent failures and costly government bailouts in the savings and loan industry, greater scrutiny by stockholders would seem to be a better legislative policy. A reexamination of the current exceptions to disclosure would be desirable to curb some of the abuses occurring in thrift institutions. Until the Legislature alters its deliberate policy of shielding savings associations from the general corporate disclosure requirements, its mandate must be followed by the courts.

---

[1] In response to questioning at oral argument, appellants explained that respondent's request to inspect the minutes and accounting records of SMFC was governed by Corporations Code section 1601; however, appellants questioned whether respondent had perfected his inspection request under this section. We agree with the trial court that respondent's inspection request set out the documents requested with specific certainty and showed respondent had a purpose for requesting inspection reasonably related to his interest as a shareholder in SMFC, and that respondent should be allowed to inspect these documents. However, appellants' refusal to allow respondent to inspect SMFC records, standing alone, would not support sanctions under Corporations Code section 1604.

The order granting a peremptory writ of mandate and awarding respondent's sanctions is reversed.

King, J., and Haning, J., concurred.

Respondent's petion for review by the Supreme Court was denied March 14, 1991.