## LAWSHE v. ROYAL BAKING POWDER CO.

(Supreme Court, Appellate Term. May 16, 1907.)

CORPORATIONS—STOCKBOOK—RIGHT OF STOCKHOLDER TO INSPECT—STATUTES

A stockholder of record, who acquired stock from a third person, to procure an inspection of the corporate stockbook on behalf of the third person, to obtain the names of the holders of stock, so that they might be communicated with for the purpose of buying from or selling stock to them, is entitled, under Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53, to inspect the stockbook required to be kept by the corporation, and to recover the penalty therein prescribed for refusal to allow such inspection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 674, 678.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Jay E. Lawshe against the Royal Baking Powder Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Bowers & Sands (Latham G. Reed, of counsel), for appellant.

Jay E. Lawshe, pro se.

BRADY, J. The plaintiff sued for a penalty under section 53 of the stock corporation law (Laws 1892, p. 1840, c. 688) for refusal to allow inspection of stockbook. The good faith of plaintiff in making demand for inspection is assailed. It was stipulated on the trial:

"That the stock which plaintiff held had been turned over to him by one Hatch, in order to procure an inspection of the common stockbook on the strength thereof, and on behalf of the said Hatch and the plaintiff, for the purpose of obtaining information as to the various holders of the common stock of the defendant, in order that the other holders of common stock might be communicated with, for the purpose of buying from or selling stock to them, and that such purpose was not hostile to the defendant, and had no relation to internal affairs, assets, or management of the defendant or its elections."

The plaintiff was a stockholder of record, and the provisions of the statute clearly gave him the right to inspect the stockbook, and a cause of action for the penalty in case of refusal. If the purpose of the inspection were not legitimate, the plaintiff's right might be questioned. People ex rel. Lorge v. C. Nat. Bank, 105 App. Div. 412, 94 N. Y. Supp. 173. But the plaintiff's purpose appeared perfectly proper. The cases cited by appellant show no doctrine which conflicts with this conclusion.

Judgment affirmed, with costs. All concur.