REEVE HARDEN, and others,

*vs.*

EASTERN STATES PUBLIC SERVICE COMPANY, a corporation of the State of Delaware.

*New Castle, Nov. 28, 1923.*

Bill by stockholders against a corporation, alleging mismanagement of its assets is bad, any mismanagement being by its officers, the proper parties to account, and any cause of action which the stockholders are entitled to assert being in behalf of, and not against, the corporation.

If bill by stockholders against corporation for mismanagement be regarded as one seeking relief in its behalf against offending officers, it is fatally defective in not making such officers defendants, they being indispensable parties.

A bill against a corporation cannot be regarded as one to avoid complainants' purchase of stock, as induced by fraud, and recover the purchase price, and so sustained as one by creditors; no fraud or misrepresentations inducing purchase being alleged, but complainants suing as owners of stock, and the bill being plainly bottomed on the conception that the rights of the corporation and its stockholders had been violated by mismanagement by officers.

Bill by stockholders against corporation, in one aspect seeking relief in behalf of the stockhlders as a class, and in another aspect seeking to secure to complainants right to inspect books, a right running to them as individuals, is multifarious.

A bill stating no case, as regards the main relief sought, cannot be sustained as one for discovery; the discovery sought being only as ancillary or incidental to the main relief.

The legal remedy by *mandamus* to secure inspection of corporate books by stockholders is not inadequate, so as to allow bill in equity therefor, because such remedy may be defeated by false averments; the return to the alternative writ being conclusive in its averment of fact.

This was a bill for accounting by eighty-seven preferred stockholders of the defendant, on behalf of themselves and all other stockholders. A demurrer was filed by the defendant, and the facts material to the disposition of the questions raised thereby are stated in the opinion.

*Robert H. Richards*, and *King & Vogt*, of Morristown, N. J., for the complainants.

*Caleb S. Layton*, of the firm of Marvel, Marvel, Layton and Hughes, for the defendant.

THE CHANCELLOR. The bill is filed by the complainants, over eighty in number, in behalf of themselves and such others as may hereafter become parties. Eastern States Public Service Company is the sole defendant. The complainants are holders of preferred stock of the defendant corporation. The bill alleges that the defendant proposed to extend an electric transmission line from the town of Newton to the town of Hamburg, in the state of New Jersey, at a cost of $60,000, and that the residents of Hamburg were invited to subscribe to the preferred stock of the defendant for this amount. The complainants purchased their stock upon this representation, as well as upon certain other representations made on behalf of the defendant concerning its capitalization and earnings. These latter representations are nowhere alleged to have been either false or fraudulent. The line extending electric service to Hamburg was in fact built.

The bill, after reciting in some detail various intercorporate transactions between the defendant and certain other corporations (not here necessary to describe), proceeds to allege that the defendant has sold all its substantive assets without notice to the preferred stockholders, has refused and neglected to account to

its stockholders for the consideration therefor, has issued stock without any consideration therefor, has permitted its property and franchises to be mortgaged without proper and adquate consideration, and has negligently permitted or willfully placed or attempted to place its assets in the hands of other corporations owned or controlled by officers, directors and stockholders who are the same as, or identified with, the officers, directors and stockholders of the defendant, and that from an earning condition showing a net profit, the defendant has come into a condition showing a current liability. It is further alleged that, notwithstanding repeated requests, the defendant has neglected to advise the complainants of its financial status or to give them an opportunity to examine its books.

The prayers are for a decree adjudging that the defendant has improperly and unlawfully expended the corporate funds and should account to the complainants as stockholders for the expenditure of said moneys, that it should exhibit to the complainants its books, and for such other and further relief as the nature of the case may require.

The allegations of the bill which charge mismanagement of the corporate assets must be taken to mean that such mismanagement has been on the part of the officers of the corporation. While the corporation is the owner of the assets, yet their control and management rest in the officers and directors, whose relation to the assets is one of a fiduciary character. This is elementary. When, therefore, the bill in this case charges a wrongful disposition of the corporate assets by the corporation, it must necessarily mean to charge that the particular wrongs were done by the officers and directors. When those in control of the corporation and its assets misuse their power and wrongfully occasion loss and damage, the injury done thereby has been done to the owner of the property —the corporation. Those whose duty it was to act for it and in its interest have in such case breached their duty and wronged their principal. It follows, therefore, that whatever cause of action may exist by reason of this breach of duty exists in favor of the corporation. The stockholders, however, who are to be regarded as the ultimate beneficial owners of the corporate assets, have an interest therein which equity in a proper case will protect. It

is the duty of the corporation itself to proceed to redress the wrongs done to it and thus mediately to safeguard the interests of its stockholders. If it will not do so, or if the wrongdoers themselves are still in control of the corporation so that a suit on behalf of the corporation would be in fact a suit conducted by themselves against themselves, then the stockholders are permitted to proceed. But when they do so, they do so on behalf of the corporation whose cause of action they assert. Their right is strictly a derivative one, and the relief obtained belongs to the corporation and not to themselves. *Roberts, et al., v. Kennedy, et al.*, 13 *Del. Ch.* 133, 116 *Atl.* 253; *Myers v. Occidental Oil Corp.*, (*D. C.*) 288 *Fed.* 997; *Smith v. Stone, et al.*, 21 *Wyo.* 62, 128 *Pac.* 612; *Continental Security Co., et al., v. Belmont, et, al.*, 206 *N.Y.* 7, 99 *N. E.* 138, 51 *L. R. A.* (*N. S.*) 112, *Ann. Cas.* 1914A, 777; 6 *Fletcher's Cyc. Corp.*, § 4061.

From these principles it logically follows that in cases of fraud, *ultra vires* acts or acts of negligence on the part of those charged with the duty of managing the affairs of a corporation, the offending officers, and not the aggrieved corporation, are the proper parties to account. *Myers v. Occidental Oil Corp., supra; Weir v. Bay State Gas Co.*, (*C. C.*) 91 *Fed.* 940.

The bill in this case calls upon the corporation to account. Whatever cause of action the complaining stockholders are entitled to assert is in behalf of the corporation. Yet they call on the owner of this cause of action to appear and answer it. The corporation cannot be required to answer such a bill and the demurrer is therefore good.

If the bill be not regarded as a bill seeking relief against the corporation, but rather as a bill seeking relief against the officers and directors in behalf of the corporation, then it is fatally defective for the want of indispensable parties. Such officers and directors should be made parties defendant to the end that in the event of a decree for the complainants effective relief can be granted. *Myers v. Occidental Oil Corp., supra; Edwards v. Bay State Gas Co.*, (*C. C.*) 91 *Fed.* 942.

It is suggested that even if the bill be objectionable for the reasons above indicated, yet it can be sustained on the theory that it discloses that the complainants were induced to purchase their

stock by false representations, and that, such being the case, the complainants are entitled to repudiate their position as stockholders and claim restitution by the corporation of the money paid by them for their stock. If it be conceded that equity has jurisdiction to entertain a suit by a stockholder to avoid the contract by which he purchased his stock and decree a repayment by the corporation of the purchase price on the gound of fraudulent representations (a question which I need not pause to consider), I am unable to see how the concession would aid the present bill. Two principal reasons prompt me to say this: First, the bill does not allege any fraud or misrepresentation by which the complainants were induced to purchase stock. It does not, therefore, present such a case as would call for an application of the principle advanced by the complainants in this connection. Second, the bill is clearly a stockholders' bill. It is brought by the complainants as the "owners of 415 shares of preferred stock of the Eastern States Public Service Company, and such others as may hereafter become parties to this bill." It alleges matters which can concern stockholders only. It complains chiefly because the defendant corporation has not and will not render to the stockholders a statement of its financial operations, and that it has not, though often requested, permitted the complainants to examine and inspect its books. The specific relief asked is that the defendant account to the complainants for the alleged misapplication of the corporate funds and that it exhibit to the complainants the corporate books. The bill in its allegations and in its prayers is plainly bottomed on the conception that the rights of both the corporation and its stockholders have been violated. To now adopt the conception that the bill may be regarded as seeking relief by the complainants whose status is that of creditors would be to entirely repudiate the theory which every allegation and prayer of the bill indicates as its purpose.

The demurrer further raises the objection that the bill is multifarious. This objection appears to me to be well taken. This is so because in one of its aspects the bill seeks relief in behalf of the stockholders as a class and in another aspect seeks to secure to the complainants the right to inspect books—a relief running to them not as representatives of a class but as individuals. A cause of

action in favor of a stockholder individually cannot be joined with a cause of action brought by him in behalf of the corporation. *Whitney v. Fairbanks, et al., (C. C.) 54 Fed.* 985.

Another ground of demurrer is that the complainants so far as they seek a decree requiring an examination of the books have an adequate remedy at law. The bill does not purport to be one for discovery. If the prayer for an examination of the books may be said to be simply a prayer for discovery, the discovery which is sought must be regarded only as ancillary or incidental to the main relief. Having, for the reasons hereinbefore indicated, held that the bill states no case calling for relief, there is nothing to which the discovery sought can be of aid. On any theory of discovery, therefore, relief in the form of an inspection of the corporate books must be denied.

The complainants, however, do not rest their contention with respect to the books solely upon the principles applicable to discovery, but take the broad ground that the Court of Chancery has power to require as a matter of primary relief an exhibition of corporate books and papers to stockholders who have been denied the right. If the object of the bill is to assert a cause of action predicated on this conception, then the defendant contends that the· bill is demurrable because the Court of Chancery has no such power, there being an adequate remedy at law by way of *mandamus*. That the legal remedy of *mandamus* is available to stockholders to secure an inspection of corporate books and papers in proper cases has long been settled in this State. The complainants do not deny this. They assert, however, that the remedy at law by way of *mandamus* is not adequate or (as our statute has it) "sufficient," and that therefore the Court of Chancery is not without jurisdiction. The argument which the complainants advance to show that the remedy by *mandamus* is not sufficient is that under the rules of procedure applicable to *mandamus* in this State the return to the alternative writ is conclusive in its averments of fact (*State ex rel. Thiele v. Cities Service Co.,* 1 *W. W. Harr.* 514, 115 *Atl.* 773, 22 *A. L. R.* 8), that a denial in the return to the alternative writ of any one of the essential averments in the stockholder's petition results in defeating the remedy, leaving the stockholder only a right of action for damages in case the re-

turn is false, and that this being so the stockholder is without an adequate remedy at law. The argument reduces itself to this, viz., that in pursuing the legal remedy of *mandamus* the stockholder may be balked by falsehood on the part of the officer making the return to the alternative writ, and therefore the legal remedy is inadequate. There is no contention made to the effect that the writ of *mandamus* when peremptorily issued is not complete and fully adequate to accord to the petitioning stockholder a remedy as ample as his rights require. I am referred to no case which holds that the possibility of defeating a legal remedy by false averments is sufficient to deprive it of that quality of adequateness which otherwise it is conceded to possess. Insofar, therefore, as it is proper to consider the purpose of the bill in this case to be to secure to stockholders the right to inspect the books of the corporation, the bill is demurrable because an adequate remedy to that end exists at law.

The complainants further contend that the bill is sustainable on the equitable theory of avoiding a multiplicity of suits. It is not necessary for me to examine the circumstances under which this theory is applicable to suits in equity, because in this case the application of the theory is conceded by the complainants to be founded on the conception that they sue as creditors, and not as stockholders, a conception which I have before indicated is not warranted by the bill.

The demurrer will be sustained.