THOMAS E. JEFFERIS,

*vs.*

WILLIAM D. MULLEN COMPANY, a corporation of the State of Delaware.

*New Castle, March* 24, 1926.

*John R. Nicholson* and *Robert G. Harman*, for complainant.

*Charles F. Curley*, of the firm of Saulsbury, Curley & Davis and *C. Stewart Lynch*, for defendant.

THE CHANCELLOR. The motion for leave to amend by filing a substituted bill must be denied. The principle upon which this disposition of the motion rests is that it is not permitted to present an entirely different case by amendment from that which was presented by the bill as originally drawn. *Merchants' Union Trust Co. v. New Philadelphia Graphite Co.*, 10 *Del. Ch.* 155, 87 *A.* 1022. That the new bill presents an entirely new case seems clear. This will appear from a reading of the two bills.

The original bill presents the case of a declaration of dividends by the corporation and a refusal or omission on its part to pay the complainant the dividends belonging to him as a holder of fifty shares of stock, and it seeks to recover those dividends. The complainant argues that such was not the nature of the original bill. He contends that it can be inferred from its allegations that dividends had not been declared and that the refusal to declare dividends was fraudulent—although he admits that the original bill contained no full and explicit allegation to that effect. This being the inference which it is said can be drawn from the original bill, it is therefore urged that it ought not to be regarded as a bill seeking to recover declared dividends. I do not think the original bill admits of the interpretation now claimed for it. It recites a charge made in a bill filed in another cause between these same parties that the defendant had declared and paid dividends since 1921, a denial in the defendant's answer in that cause that other

dividends had been declared or paid since that year, and then proceeds to show as evidence of such dividends the payment to one Ethel H. Lloyd, the owner of nine shares of stock, the sum of $108, "being a dividend of six per centum on the said nine shares of stock," which was sought to be concealed by being called interest. The bill says that without an accounting and examination of the books the complainant is unable to ascertain "what other dividends have been *declared* and what other dividends are *due* to your orator," and that the complainant has demanded payment to him of "the dividend of six per centum which was *declared* as aforesaid" (referring to the dividends paid to the stockholder, Ethel H. Lloyd), but the corporation "unlawfully and illegally retains the same." The main prayer for relief is that an account be taken of what is due on the said fifty shares of stock and that the defendant be decreed to pay the same. There is neither an allegation nor prayer indicating the object of the bill to be to secure a decree compelling the declaration of a dividend. Every part of the bill which touches the point in any way refers to dividends declared and unpaid and to a withholding of what is now due. This is the character of the original bill.

Now the new bill presents an entirely different sort of case. It makes no pretense of claiming that dividends have been declared and paid to others but have been withheld from the complainant. It presents a complaint that the defendant has earned sufficient money to warrant the declaration of dividends, but that from unjustified and fradulent motives on the part of William D. Mullen, who controls the corporation, it has refused to declare dividends. Wherefore the new bill prays an accounting for the purpose of ascertaining what dividends should have been declared.

This being the nature of the new bill which the motion for leave to amend seeks to substitute for the original, it is apparent that an entirely new cause of action is sought to be presented. The principle above referred to will not admit of allowing the amendment. The motion must, therefore, be denied.

Leave to amend being denied, it is now in order to consider the pending original bill and the demurrer thereto.

The demurrer raises the objection that the original bill, being for the recovery of dividends declared, is not cognizable in

equity because a sufficient remedy for what it seeks is supplied by law. That an action at law will lie for the payment of dividends due and unpaid can admit of no doubt. 2 *Machen on the Modern Law of Corporations*, § 1357; 6 *Fletcher's Cyclopedia of Corporations*, §3687, *p*. 6129. The demurrer should be sustained.

The prayer for an accounting cannot save the bill, because the principal thing, to which the relief of accounting is purely ancillary, is not cognizable in this court.

There is a prayer for the production and inspection of books, etc., for the purpose I suppose of proving the allegation that dividends were declared and the further allegation made in the bill that without such inspection the complainant is not able to ascertain the value of the stock which he owns. The relief asked for by this prayer cannot be granted on the showing made by the bill. In so far as such relief is ancillary to the principal matter of the dividends, it must fall with that upon which it hangs. In so far it seeks an inspection of books, etc., as an independent object, a mandamus at law is the proper remedy. *Harden v. Eastern States Public Service Co.*, 14 *Del. Ch.* 156, 122 *A.* 705.

The application for leave to amend will be denied and the demurrer will be sustained. Let an order be entered accordingly.