CAROLINE PARRISH,

*vs.*

COMMONWEALTH TRUST COMPANY, a Delaware corporation,
-and-
PETROLEUM PROPERTIES, INC., a Delaware corporation.

*New Castle, Nov. 21, 1935.*

*William Prickett,* for petitioner.

*Henry R. Isaacs,* for defendant, Commonwealth Trust Company.

THE CHANCELLOR: The complainant in the cause sues in a representative capacity. She seeks relief not only on behalf of herself but as well of all other holders of trust certificates who shall come into the cause and contribute to the costs thereof.

Her solicitor makes the contention that her petition for an inspection of the names and addresses of her co-certificate holders stands on the same footing as it would if the case were one by a stockholder seeking relief on behalf of himself and all other stockholders against wrongs done to the corporation by its officers and directors. I shall accept without deciding that point of view as the correct one.

This court has no jurisdiction to order an inspection by a stockholder of corporate books and records as a matter of primary and independent relief. Mandamus at law is the appropriate remedy in such case. *Harden, et al., v. Eastern States Public Service Co.,* 14 *Del. Ch.* 156, 122 *A.* 705. When, however, books, papers and documents in the possession of an adversary are material to a party's side of the issues in a pending cause, there is ample power in the Court of Chancery to order their production and inspection. Such production is ordered only as incidental to an existing cause and as an aid to a party in sustaining his side of controverted issues, whether on the side of the complainant to support his bill or on the side of the defendant to sustain his defense.

This being the extent of the court's power to order the production and inspection of books, etc., it is obvious that the production sought must be of such documents as are relevant to the issues drawn before the court.

Now what allegation is there in the pending bill to which the list asked for can be of any possible relevancy? Tested by the allegations of the bill, it is of no material moment to the complainant who sues in a representative capacity to know who the others are that are in the same situation as herself. Let them be few or numerous, their

identities and residences as they may, the right of the complainant to proceed with her bill and the granting of relief prayed for, can be in no wise affected thereby.

The reasons set out by the complainant in her petition for desiring to learn who her co-certificate holders are, show that the information when gained can be of no relevant assistance in supporting a single allegation of her bill. Those reasons are briefly stated, that the wrongs complained about in the bill were perpetrated, that the petitioner desires to be able to communicate with the other certificate holders concerning the alleged wrongs and that some one associated with Whealton Company is circularizing the certificate holders with a request that they deposit their certificates with a protective committee which is in reality the agent of Whealton Company, an important if not the principal actor in the fraud alleged to have been perpetrated upon the investing certificate holders.

Suppose the complainant cannot discuss with her co-certificate holders the matters charged in the bill, and suppose Whealton Company is seeking to corral the certificate holders within the enclosure of a protective committee controlled by itself, how can those matters be of any possible relevancy to the cause of action or to any of the allegations in support thereof appearing in the bill? If this were a mandamus at law, it may be (I express no opinion on the point) that the reasons given might be held to be sufficiently satisfactory to warrant an order of inspection. There the question would be addressed to a court having jurisdiction to order the relief prayed for. In this court, however, where the question arises as one of relevancy to issues in a pending cause, it is to be answered in the light of what is pertinent to an inquiry into those issues. Seeing no pertinency of that character, the petition should be denied.

Among the cases cited by the complainant in support of her petition are to be found cases at law in which writs of mandamus were sought. Those cases are manifestly of

no assistance in this one, for here the question is one of equitable power and procedure. *Huyler v. Cragin Cattle Co.,* 40 *N. J. Eq.* 392, 2 *A.* 274, was before the Court of Chancery of New Jersey and an order for production and inspection was entered. But the petition was filed as an original and independent proceeding by virtue of a statute, which conferred on the Chancellor jurisdiction to issue an order comparable to a mandamus at law. The proceeding here is not under a statute.

The complainant cites other cases, however, which she contends are not distinguishable in principle from this one. Those cases, it is true, arose in equity. They are a late case in the Court of Chancery of New Jersey, reported as *McGahan v. United Engineering Corporation,* 118 *N. J. Eq.* 410, 180 *A.* 195, and *Chable v. Nicaragua Canal Construction Co., (C. C.)* 59 *F.* 846. But a reading of those cases will, I think, disclose them to be differentiable in a very marked respect. In the New Jersey case, the court had enjoined the holding of a stockholders' meeting which was to consider an amendment of the corporate charter in a particular that materially affected the rights of one class of stock, unless and until the holders of such stock were fully and truly advised as to the matters to be passed upon which would affect their rights. The court on the complainant's petition ordered a production of the books showing the names and addresses of the persons holding stock of the kind to be affected by the proposed amendments, to the end that the complainant might submit to his co-stockholders reasons against the adoption of the amendment. There the order was in aid of the efficacious enforcement of the court's own decree. In *Chable v. Nicaragua Canal Construction Co., (C. C.)* 59 *F.* 846, it was said that where a plan of reorganization of a corporation in receivership was to be voted upon by the stockholders, it was entirely proper for the court administering the receivership to order that a stockholder be afforded an inspection of the corporate records to the end that he might be equipped with information

which would enable him to discuss intelligently with his fellow stockholders the merits of the proposed plan.

In these cases it seems clear that the inspection which was ordered or indicated as proper was one that bore a pronounced relation to the subject matter before the court and was calculated to contribute towards the accomplishment of a fair result in the court's final disposition of the matter in hand.

This case, however, presents no situation of that kind. Here, if the complainant secures the names and addresses she seeks, it can be of aid neither to herself in establishing the truth of her bill's allegations nor to the court in arriving at its final disposition of the cause.

The prayer of the petition will be refused.