THE STATE OF DELAWARE, upon the relation of Helen M. Healy, *v.* SUPERIOR OIL CORPORATION, a corporation of the State of Delaware.

(*March* 26, 1940.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*William S. Potter* for Relator.

*Stewart Lynch* for Respondent.

Superior Court for New Castle County, Mandamus, No. 136, January Term, 1940.

RODNEY, J., delivering the opinion of the Court:

In Delaware it has been considered that the right of a stockholder to examine the books of the company is a common law right and can only be taken away by statutory enactment. *State v. Penn-Beaver Oil Co.*, 4 *W. W. Harr.* (34 *Del.*) 81, 143 *A.* 257.

It is equally settled that mandamus is an appropriate legal remedy by a stockholder to compel the examination of corporate books. *State v. Penn-Beaver Oil Co.*, *supra; Parrish v. Commonwealth Trust Co.*, 21 *Del. Ch.* —, 181 *A.* 658.

While the Writ of Mandamus at common law was designated as a "prerogative" writ, yet in *Swift v.*

*State ex rel. Richardson,* 7 *Houst.* 338, *at page* 345, 6 *A.* 856, *at page* 860, 32 *A.* 143 (*reported as Swift v. Richardson,* 40 *Am. St. Rep.* 127), it was held that in Delaware the Writ of Mandamus was divested of all its prerogative features and would issue to compel some duty "which a superior court has previously determined, or at least supposes, to be consonant to right and justice." In this sense Mandamus is said in *McCoy v. State,* 2 *Marv.* 543, *at page* 562, 36 *A.* 81, *at page* 83, to be a prerogative writ "in the supervisory sense" issuing, not of course, but only in the exercise of a sound judicial discretion. *State v. Cities Service Co.,* 1 *W. W. Harr.* (31 *Del.*) 514, 115 *A.* 773, 22 *A. L. R.* 8; *State ex rel. Brumley v. Jessup & Moore Paper Co.,* 3 *Boyce* 118, 80 *A.* 350.

■ There can also be no question that if there be a right to examine the Stock Ledger to ascertain the list of stockholders there flows from that right, as a corollary thereto, the corresponding right to make a copy of the list. If there be a right to examine the list of stockholders, there is a corresponding right to make the examination beneficial by taking copies thereof. *Swift v. State ex rel. Richardson, supra; State ex rel. Rogers v. Sherman Oil Co.,* 1 *W. W. Harr.* (31 *Del.*) 570, 117 *A.* 122.

There then remain but two questions to be determined: (1) Can the petition for a Writ of Mandamus be maintained by a registered stockholder who is not the beneficial owner of the shares? (2) Do the facts set forth in the answer establish an improper motive on the part of the petitioner?

(1) *Section* 29 *of the General Corporation Law, Rev. Code* 1935, § 2061, provides:

"It shall be the duty of the officer who shall have charge of the stock ledger of a corporation to prepare and make, at least ten days before every election of directors, a complete list of the stockholders

entitled to vote at said election, arranged in alphabetical order. Such list shall be open at the place where said election is to be held for said ten days, to the examination of any stockholder, and shall be produced and kept at the time and place of election during the whole time thereof, and subject to the inspection of any stockholder who may be present. * * * The original or duplicate stock ledger shall be the only evidence as to whom are the stockholders entitled to examine such list or the books of the corporation, or to vote in person or by proxy at such election. The original or duplicate stock ledger containing the names and addresses of the stockholders, and the number of shares held by them, respectively, shall, at all times, during the usual hours for business, be open to the examination of every stockholder at its principal office or place of business in this State, and said original or duplicate stock ledger shall be evidence in all courts of this State. * * *"

It will thus be seen that "every stockholder" shall be entitled to examine the stock ledger of the corporation, and that this stock ledger "shall be the only evidence as to whom [sic] are the stockholders entitled to examine such list or the books of the corporation."

The respondent insists that the "fact of record ownership should not be considered, one way or another, in the determination of the question of inspection," and that the beneficial owner need not be the record owner in order to invoke the statutory remedy. In support of the contention the respondent cites *In re Gaines*, (*N. Y. Sup.*) 180 *N. Y. S.* 191; *In re Coats*, 73 *App. Div.* 178, 76 *N. Y. S.* 730; *State ex rel. Bulkley v. Whited & Wheless*, 104 *La.* 125, 28 *So.* 922; *State ex rel. Fears v. New Orleans Maritime & Merchants Exchange*, 112 *La.* 868, 36 *So.* 760.

We think these cases not determinative of the present question. In the cited cases the question was not as between the legal and beneficial holders of the stock, but whether the relators had any legal interest whatever in such stock.

The case of *In re Coats, supra,* has no materiality as to this phase of the case. The Court merely held that Price & Baker (the beneficial owners of the stock) were trying

to get information for purposes which were not proper, legitimate, or in the interests of the company, and that since inspection would be denied to them it would also be denied to the record holder of the stock who was acting in their interests and in concert with them.

There are many cases in which the meaning of the word "stockholder" has been considered. So in *Lee v. Riefler & Sons, (D. C.)* 43 *F.* (2*d*) 364, and *Ludden & Bates v. Watt,* 18 *Ala. App.* 652, 94 *So.* 239, a "stockholder" is held to be one whose status appears as such upon the books of the company. In *Cheatham v. Wheeling & L. E. R. Co., (D. C.)* 37 *F.* (2*d*) 593, 596, it was held that a holder of a street certificate, although he holds an irrevocable assignment is not a stockholder, and until the entry on the books of the corporation he is not entitled to any of the privileges of a stockholder. The Court said:

"It is obvious that the only persons who are integrated with a corporation as stockholders are those persons who are stockholders of record on the stock books of the corporation. To hold otherwise would lead to corporate chaos."

Under a former law of Delaware a director was required to be a stockholder. So far as we know it was never considered that beneficial ownership must accompany legal title in order to be qualified as a Director. *In Matter of Ringler & Co.,* 204 *N. Y.* 30, 97 *N. E.* 593, *Ann. Cas.* 1913*C,* 1036 (cited *In re Gaines, supra*), the Court expressly refused to so hold where the transfer of stock was for the express and avowed purpose of qualification as Director.

Apart from general consideration of the meaning of the word "stockholder" there are a number of authorities which expressly hold that a stockholder entitled to examine the stock ledger means a stockholder whose status as such is established by the books of the company. *Webster v. Bartlett Estate Co.,* 35 *Cal. App.* 283, 169 *P.* 702; *Mateer v.*

*New Jersey Telephone Co.*, (*N. J. Sup.*) 135 *A.* 663; *Mutter v. Eastern & Midlands Ry. Co.*, *L. R.* 38 *Ch. Div.* 92; *Lawshe v. Royal Baking Co.*, 54 *Misc.* 220, 104 *N. Y. S.* 361; *Dreyfuss & Son v. Benson*, (*Tex. Civ. App.*) 239 *S. W.* 347.

We have thus briefly examined the question upon general principles and upon authorities from other jurisdictions. Our own statute, however, is, in our opinion, so explicit in its language as to leave no doubt as to the status or character of the person who may obtain the right to inspect the books of the corporation. The statute as hereinbefore set out says:

"The * * * stock ledger shall be the only evidence as to whom [*sic*] are the stockholders entitled to examine such list or the books of the corporation."

We have held that the statute does not take away from the discretionary power of the Court to refuse an inspection of the books when such an inspection is for an improper purpose, but if the propriety of the purpose is assumed or determined, the statute does expressly limit and define the class which may be given the right to inspect, viz., those persons whose names appear on the stock ledger.

The respondent argues that the section provides for a list of stockholders only insofar as it relates to corporate elections. We think the reference to corporate elections has only to do with the time of preparation of the list, viz., "ten days before every election of directors * * *." It is then provided that the list shall thereafter, at all times, be open for the inspection of the stockholders. The list of stockholders is not only the list of those having the right to vote at the stockholders' meeting, but is a list of stockholders entitled to "examine the books of the corporation." This right to examine the books of the corporation is not a right usually to be exercised at the corporate election, and the list of stockholders is a continuing list for all proper

purposes, and has so been uniformly considered by the Courts of this State.

■ We hold that if the purpose of examination of the books be not an improper or unlawful one, that the persons entitled to such examination are to be determined from the Stock Ledger of the company.

■ (2) We must now see if the answer of the company sets up any facts from which it appears that the examination is desired for any purpose which may be improper. The entire substance of the answer in this respect may be summarized as follows: That the request to examine and take copy of the Stock Ledger was made at the direction and on behalf of one Jesse A. Foltz, a stock broker of Atlantic City, who engaged counsel on behalf of the petitioner; that Jesse A. Foltz has stated that the purpose of the examination is to apprise stockholders of transactions between the respondent company and its President, when in fact there were no transactions which could be the subject of criticism, and that Foltz has refused to discuss the matter with the respondent company.

We are of the opinion that there is no showing in the answer of any improper purpose in the desired examination, and we must grant the motion for the issuance of the Writ of Mandamus, notwithstanding the answer of the respondent.