THE STATE OF DELAWARE, Ex Rel. Thomas F. H. Crowder, *v.* THE SPERRY CORPORATION, a corporation of the State of Delaware.

(*August* 7, 1940.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Stewart Lynch* for relator.

*Marvel* and *Morford* for respondent.

Superior Court for New Castle County, May Term, 1940.

LAYTON, Chief Justice:

This proceeding was brought to the September Term, 1939. Obviously the time element was not deemed important, for it was at the March Term, that counsel for the parties agreed to submit on briefs the questions raised. The relator's brief was not received until the sixth day of May, nor the respondent's brief until the latter part of June.

In the meantime, the important question raised by the motion to expunge was decided by this Court in an opinion released on March 26, 1940, in the case of *State ex rel. Healy v. Superior Oil Corporation,* 1 *Terry* (40 *Del.*) 460, 13 *A.* 2*d* 453, 454. In that case, the relator sought by mandamus to enforce his right as a registered stockholder to inspect the respondent corporation's stock ledger and to take therefrom a list of the stockholders. The respondent's answer admitting that the relator was a registered stockholder, asserted that she was not the owner of the stock, but merely a nominee. It was also urged that the purpose of the inspection was an improper one.

One of the questions posed by the Court was, "Can the petition for a Writ of Mandamus be maintained by a registered stockholder who is not the beneficial owner of the shares?" The answer to the question compelled an examination of the pertinent provision of the *General Corporation Law,* and the authorities generally. *Section* 29 of the *General Law, Rev. Code* 1935, § 2061, provides, inter alia, that "the original or duplicate stock ledger shall be the only evidence as to whom [*sic*] are stockholders entitled to examine such list or the books of the corporation * * *". It was contended that the provision had

relation only to corporate elections; but we pointed out that the list of stockholders was not only the list of those having the right to vote at meetings of stockholders, but also was a list of stockholders entitled to examine the books of the corporation; that the right to examine corporate records was not a right ordinarily to be exercised at a corporate election; and that the list of stockholders was a continuing list for all proper purposes. Conceding the purpose of the examination to be a proper one, we held that the question whether a person was entitled to examine corporate books and records was to be determined from the stock ledger of the corporation.

Here the petitioner, concededly, is not a registered holder of stock of the respondent corporation. As a holder of a voting trust certificate establishing his right to a certificate of stock at a future time but expressly conferring on voting trustees "all the rights of stockholders of every name or nature," he is the equitable or beneficial owner of shares.

The positive terms of the statute, ignoring equitable considerations, deny the right of inspection of corporate books and records to all persons except registered stockholders. But apart from the statute, a question here is whether one having a right purely equitable may enforce it by an action strictly legal. It is elementary that the interest sought to be secured or enforced by writ of mandamus must amount to a clear legal right existing in the relator at the time of the application. *State v. Simmons,* 3 *Penn.* 291, 50 A. 213. The writ is a legal remedy for a legal right. *Union Church v. Sanders,* 1 *Houst.* 100, 63 *Am. Dec.* 187; *State ex rel. Cooke v. New York-Mexican Oil Co.,* 2 *W. W. Harr.* (32 *Del.*) 244, 122 *A.* 55. In the circumstances disclosed a writ of mandamus is not an available remedy.

The relator adverts to *Cooney Co. v. Arlington Hotel Co.*, 11 *Del. Ch.* 286, 101 *A.* 879, holding that holders of voting trust certificates as beneficial owners of stock were liable to corporate creditors for the amount unpaid thereon, even though the legal title was in trustees; but this is no answer to the question. Attention, again, is called to *Gow v. Consolidated Coppermines Corp.*, 19 *Del. Ch.* 172, 165 *A.* 136, where it was held that *Section* 29 of the *General Law* must be read in connection with *Section* 18 by which pledgors and fiduciaries may vote at a stockholder's election even though they are not stockholders of record. Obviously, the exception created by *Section* 18 does not relate to the right of inspection of corporate books and records and it is to be taken as more positively confining the right of inspection to stockholders of record.

*Chandler v. Bellanca Aircraft Corporation,* 19 *Del. Ch.* 57, 162 *A.* 63, 66, affirmed on appeal without opinion is strongly relied on. There it was held that the holder of a voting trust certificate under a trust agreement which vested in the voting trustees all rights and powers as absolute owners of all shares of stock deposited thereunder, was entitled to ask for a review of an election of directors under *Section* 31 of the *General Law* providing that on the "application by any stockholder" a review may be had of an election. What the Chancellor said was that "considering the equities of the situation of a holder of voting trust certificates, it would be an unjustifiably invidious distinction that would remove him [the complainant] from the category of 'stockholder' * * * when all that he seeks to do is to ascertain whether or not one of the important purposes of the trust to which he is a party * * * had been faithfully served." The principle that a court of equity was the tribunal for the protection of equitable rights was recognized and confirmed. The decision does not support

the position taken by the relator. On the contrary, it suggests, perhaps, that the relator has mistaken his forum.

But, the relator insists that, if there is no remedy by writ of mandamus, he is without remedy, for the reason that in *Parrish v. Commonwealth Trust Co.*, 21 *Del. Ch.* 121, 181 *A.* 658, 659, the holder of a voting trust certificate was held not entitled to an order of inspection of corporate books. The decision, however, does not justify the conclusion that the Court of Chancery will, in no circumstances, afford to a holder of a voting trust certificate the relief of an order of inspection. The Chancellor held, as it seems correctly, that the Court of Chancery had no jurisdiction to order an inspection of corporate books and records as a matter of primary and independent relief, mandamus at law being the appropriate remedy. The order of inspection was refused, not because the Court of Chancery may not, in a proper case grant the relief prayed for, but on the ground that the reasons assigned by the complainant for desiring the information contained in the corporate books and records would be of no relevant assistance in support of any allegation of the bill of complaint.

Apart from limitations imposed by statute or public policy, parties to trust agreements are at liberty to adopt any provisions either as to substance or mechanics as they may elect. *Chandler v. Bellanca Aircraft Corporation, supra.* The relator's right under the trust agreement and certificate is to receive, at a future time, a certificate of stock, and, meanwhile, to receive the equivalent of dividends, if any, other than stock dividends. The voting trustees, by language, precise and comprehensive, are possessed of and are entitled to exercise all the powers and rights of absolute ownership of every name and nature. Legal remedy suggests a legal right. In law, the relator is a stranger to the corporation. His right is not governed by the com-

mon law rules applicable to stockholders, nor by the statute which affords to a stockholder the absolute right of inspection of corporate books and records unless it be shown that the purpose is improper. His rights arise from contract and are limited by its terms. *Babcock et al. v. Chicago Rys. Co.*, 325 *Ill.* 16, 155 *N. E.* 773. One who, for reasons and purposes deemed sufficient, has seen fit to divest himself of all the rights of ownership, except those enumerated, is in no position to assert that he is possessed of a clear legal right enforceable by writ of mandamus. Whether in aid of the allegations of the petition a court of equity would order an inspection of corporate books and records is not for this Court to consider.

The petition for a writ of mandamus, in form, is most unusual. It is suggestive of a bill in equity. Passing by the question of relevancy, it may be assumed that the averments of the petition occasioned those of the answer. A motion to strike from a pleading allegations foreign to the issues is not the only remedy available to the objector. Objection to the testimony may be made as it is offered. 21 *R. C. L.* 595. Whether the other allegations sought to be expunged from the answer have pertinency is a question which the trial Court will decide if the cause shall proceed to a hearing.

The motion to strike is denied.