## PERROTT v. UNITED STATES BANKING CORPORATION et al.

### Civil Action No. 277.

District Court, D. Delaware.

Jan. 24, 1944.

H. Stanley Lynch (of Morris, Steel & Nichols), of Wilmington, Del., and John N. Platoff, of Union City, N. J., for plaintiff.

Arthur G. Logan and H. Newton White, Jr. (of Logan & Duffy), of Wilmington, Del., for defendants.

LEAHY, District Judge.

This is a stockholder's derivative action. The complaint alleges the individual defendants have dominated the corporate defendant by diverting its earnings and assets to themselves, and utilizing their positions of trust as officers and directors in fraud of stockholders. Defendants challenge the adequacy of the complaint as to whether the modus operandi by which such control was acquired and the methods by which the fraudulent diversion of assets occurred are sufficiently spelled out with detail. Defendants filed six motions based upon various grounds. In view of the several points raised at argument and in the briefs, each motion will be treated and ruled on in the manner following:

Motion No. 1. This motion requests dismissal of the complaint under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that the complaint fails to state a claim upon which relief can be granted.

Motion No. 2. This motion asks that Paragraphs 12–29, except 21, be stricken as vague and not giving rise to any cause of action cognizable in equity.

Motion No. 3. This motion deals with Rule 23(b) and points to a failure of allegation that "plaintiff was a shareholder at the time of the transaction of which she complains."

Motion No. 4. This motion seeks to strike allegations with respect to issuance of stock to the individual defendants on the ground of laches.

Motion No. 5. This motion, involving matters contained in Paragraphs 14 and 23 which have to do with profits illegally obtained, seeks to strike such paragraphs as the relief is likewise barred by laches.

Motion No. 6. The last motion is filed under Rule 12(f) on the ground that all of the Paragraphs of the complaint are immaterial and scandalous.

1. *Defendants attack under Rule 23(b) Paragraphs 5, 6, 7, 8, 9, 10, 13 and 14, dealing with the acquisition by defendant H. V. Noll of a majority of the voting stock without consideration.* The issuance of the voting stock to this defendant was sometime after February 15, 1928, and before January 8, 1929. Plaintiff acquired her stock at a later date, i. e., between March, 1929, and July, 1930. At the argument it was urged that Erie Railroad Co. v. Tomp-

kins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, prevents the operation of Rule 23(b), as plaintiff's right to maintain the action is not procedural but substantive. Under the Delaware law[1] a plaintiff is not required to be the owner of shares at the time of the acts complained of in a stockholder's derivative suit. The state law is in conflict, then, with Rule 23(b). Which must give way? While the question was posed by Judge Goodrich in Gallup v. Caldwell, 3 Cir., 120 F.2d 90, it was not answered, although there lurks in that case a suggestion that whether a stockholder of a Delaware corporation bringing action in the federal district court for Delaware to recover for the corporation damages resulting from management's fraudulent acts was limited to those acts which occurred since she became a stockholder, or whether she could complain of those which took place before that time, was to be determined by the law of Delaware. This, at least, appears to be the view of Moore.[2] Absent a precise holding by the Circuit Court in this circuit, temporarily at least, I have free choice to pass on the question. Judge Clark suggests: "From the nature of the federal rules and the manner of their adoption as a result of long study and careful consideration, a strong presumption should be indulged in that matters included in them as procedural are to be so held by the courts."[3] In Summers et al. v. Hearst et al., D.C., 23 F.Supp. 986, 992, the court construed the old Equity Rule 27, 28 U.S. C.A. § 723 Appendix, which was the predecessor of Rule 23(b). This case was decided shortly after Tompkins. The Court said: "If equity Rule 27 is to be modified or revoked in view of Erie Railroad Co. v. Tompkins, it is not the province of this Court to suggest it, much less impliedly to follow that course by disregarding the mandatory provisions of the Rule." Moreover, it must be noted that the Tompkins case was decided on April 25, 1938, and the new Rules became effective on September 16, 1938. Judge Clark's admonition that we should indulge in a strong presumption that Rule 23(b), for example, controls this situation finds support in the fact that the Supreme Court permitted the rule to become effective after its decision in the Tompkins case. It may fairly be said, then, that the Supreme Court intended that the lower federal courts should apply the rule in every case irrespective of state law as it deals with a matter of procedure and not substance.

■ Rule 23(b) puts in issue "the authority of the plaintiff to maintain" his complaint. Cf. Illinois C. R. Co. v. Adams, 180 U.S. 28, 34, 21 S.Ct. 251, 45 L.Ed. 410. It seems to me the rule does not go beyond procedure. The action is to recover for a wrong suffered by the corporation. Simply because a particular plaintiff cannot qualify as a proper party to maintain such an action does not destroy or even whittle at the cause of action. The cause of action exists until a qualified plaintiff can get it started in a federal court. It is the same as the minor who is struck by the bus. Procedurally, the child is unable to seek redress for the wrong done him in his own person. This does not, however, affect his right of action. Procedural remedies are available by the appointment of a next friend, a guardian ad litem, or a trustee to prosecute the cause of action. The criticism that federal courts will not be dispensing the same justice that could be obtained in a state court in stockholders' derivative actions if Rule 23(b) is applied when in conflict with the state rule, ignores one of the original purposes of promulgating the rule and the evils it attempts to destroy. Cf. Moore, op. cit., pp. 2246–2253, 2250–2253, 2265.

■ While I hold that Rule 23(b) is applicable, and no relief may be had by the present plaintiff for the acts which occurred prior to the acquisition of her shares, I nevertheless refuse to strike the paragraphs covered by the motion as these paragraphs establish a background against which other acts of the individual defendants may be judged. Dederick v. North American Co., D.C., 2 F.R.D. 353; Summers v. Hearst, supra.

2. *Paragraph 21 complains of the methods of conducting annual elections*

---

[1] Blair v. F. H. Smith Co., 18 Del.Ch. 150, 156 A. 207; Scully v. Automobile Fin. Co., 11 Del.Ch. 355, 101 A. 908; Ellis v. Penn Beef Co., 9 Del.Ch. 213, 80 A. 666.

[2] See Moore's Federal Practice, p. 2250 et seq. and 1942 Cum.Supp., p. 7 et seq.,

and cases cited for differences in view among the several federal courts on the scope of Rule 23(b).

[3] Judge Charles E. Clark, "The Tompkins case and the Federal Rules", Journal of the American Judicature Society, February, 1941.

*held in the past and prays that an election may be ordered.* The complaint alleges that common stockholders have been denied notice of stockholders' meetings. Moreover, it charges that the annual meeting held on January 19, 1942, was illegal.

■ Apart from the power to appoint a master to supervise an election, and aside from statute, there is no jurisdiction in this court to order an election of directors of a Delaware corporation. Fletcher, Corporations, pp. 234, 262. In fact, the Delaware Court of Chancery restricts its jurisdiction in cases of this kind, unless the action is instituted pursuant to the state remedial statute. Lippman v. Kehoe Stenograph Co., 11 Del.Ch. 412, 418, 102 A. 988, 990; Fleer v. Frank H. Fleer Corp., 14 Del.Ch. 277, 286, 125 A. 411. Section 31 of the Delaware Corporation Law (Rev.Code of Del. of 1935, c. 65, § 2063, p. 473) grants to the Court of Chancery of that state the right to order, or review, an election. This statute merely provides a remedy, and the right "is made a condition of the Chancellor's jurisdiction". Such a remedial right to proceed in a federal court in equity cannot be enlarged by a state statute. Pusey & Jones v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 456, 67 L.Ed. 763.

Paragraph 21 will be stricken and the relief sought therein denied.

■■ 3. *Paragraphs 13, 15, 27, 28 and 29 charge the individual defendants with fraudulent conduct.* Defendants contend that these allegations violate Rule 9(b) in that "the circumstances constituting [the] fraud" are not stated with particularity.

These paragraphs allege breaches of the individual defendants' fiduciary duties toward the corporate defendant. While fraud must be alleged with particularity under Rule 9(b), it is only necessary to allege ultimate facts and not evidence. While these paragraphs do not allege fraud with fine particularity, the omission is not fatal. If defendants are unable to file a responsive pleading, relief is available to them under Rule 12(e); and other rules are available if they cannot properly prepare for trial. See. Levenson v. B. & M. Furniture Co., Inc., 2 Cir., 120 F.2d 1009; and Best Foods, Inc., et al. v. General Mills, Inc., D.C.Del., 3 F.R.D. 275.

Defendants' motion to these paragraphs is denied.

■ 4. *Paragraphs 25 and 26 complain of failure of defendants to send annual reports to stockholders.* I have been unable to find any requirement in the Delaware law that annual reports must be issued. In answer to plaintiff's request that she be permitted to have the information which she would ordinarily have received in such annual reports, there is no jurisdiction in either the state or federal court of chancery to grant a complainant the right to inspect books and records when there is an adequate remedy at law by mandamus in the state court. Harden v. Eastern States Public Service Co., 14 Del.Ch. 156, 122 A. 705; Jefferis v. W. D. Mullen Co., 15 Del. Ch. 144, 132 A. 687; Fletcher, op. cit., § 2250. See, also, Swift v. State ex rel. Richardson, 7 Houst. 338, 6 A. 856, 32 A. 143, 40 Am.St.Rep. 127; State ex rel. DeJulvecourt v. Pan American Co., 5 Pennewill 391, 61 A. 398, 63 A. 1118; State ex rel. Brumley v. Jessup & Moore Paper Co., 1 Boyce 379, 77 A. 16, 30 L.R.A.,N.S., 290; State ex rel. Healy v. Superior Oil Corp., 1 Terry 460, 13 A.2d 453; State ex rel. Rogers v. Sherman Oil Co., 1 W.W.Harr. 570, 117 A. 122; State ex rel. Cochran v. Penn-Beaver Oil Co., 4 W.W.Harr. 81, 143 A. 257. However, the information which plaintiff did not receive in the form of annual reports, if at all relevant, and if necessary to sustain her proofs in the instant case, is available to her if she utilizes the federal rules for discovery. Federal Rules of Civil Procedure, rules 26–37, 28 U.S.C.A. following section 723c.

Defendants' motion to strike these paragraphs will be granted.

■ 5. *Profits taken by the individual defendants from the sale of the corporate defendant's stock as alleged in Paragraph 14.* The substance of this allegation is that one of the individual defendants, H. V. Noll, through a controlled corporation, sold and distributed the corporate defendant's securities to his own profit. Such profit is not alleged to have been excessive or fraudulent. In the absence of an allegation of fraud, the court will not substitute its judgment for that of the directors who determined that the profit taken by H. V. Noll was reasonable and legitimate. Toebelman et al. v. Missouri-Kansas Pipe Line Co., D.C.Del., 41 F.Supp. 334, reversed on other grounds, 3 Cir., 130 F.2d 1016. This paragraph should be stricken.

■ 6. *Paragraph 23 alleges defendant H. V. Noll purchased corporate defendant's stock at low market prices and*

*sold such shares to the corporation at book value which was higher than the market.* Plaintiff has alleged the transactions with as much particularity as is possible. It may be after she utilizes discovery techniques she will have more information. For the purpose of defendants' present motion, I conclude the allegations in Paragraph 23 sufficient. Where defendant H. V. Noll is alleged to have taken for himself the corporate opportunity of purchasing the corporate defendant's stock from brokers at prices ranging between 50¢ and 75¢ a share and reselling such shares to the corporation for $4 and $9 a share, the burden is on defendant Noll to justify such a transaction. Loft, Inc. v. Guth, 23 Del.Ch. 138, 2 A.2d 225.

In any event, defendants argue that, assuming H. V. Noll guilty of fraud, the acts complained of occurred more than three years before the institution of the present action, and while this action is essentially one for an accounting the three year statute of limitations which would bar a legal remedy should bar any equitable relief under the doctrine of laches.[4] Such was the view of the Delaware Court of Chancery in Bush v. Hillman Land Co., 22 Del.Ch. 374, 2 A.2d 133. See, too, Bovay v. H. M. Byllesby & Co., Del.Ch., 29 A.2d 801.[5] The most recent Delaware decision throws light on the Delaware law of "laches". In Levin v. Fisk Rubber Corp., Del.Ch., 33 A.2d 546, 548, the stockholders of a dissolved corporation sought the appointment of a receiver who would intervene on behalf of the defendant corporation in a pending action in New York to recover a substantial sum on behalf of the dissolved corporation for fraudulent mismanagement in connection with a sale of its assets at a price far below their value. The sale of assets had occurred more than three and one-half years prior to the institution of the Delaware action. The court held the plaintiff-shareholder not guilty of laches. This case, however, marks no departure from the former decisions of the Delaware courts. In showing that the time element is subordinate to other factors when applying the doctrine of laches, Chancellor Harrington said: "The defendant further claims that any action that might be brought by a Receiver would be barred on the same, or similar, grounds (Federal United Corporation v. Havender, supra [Del.Sup., 11 A.2d 331]; Bovay et al. v. H. M. Byllesby & Co., Del.Ch., 29 A.2d 801); if brought in a Court of Law, three years having expired since the alleged corporate rights accrued, it would be barred by the Statute of Limitations, and if brought in equity, being necessarily within the realm of concurrent jurisdiction, the same statutory provision would prevent recovery. Bovay et al. v. H. M. Byllesby & Co., supra.

"Mere lapse of time, without any change in position making the action of a Court unfair and inequitable, seldom constitutes laches, barring the relief sought by a bill. Bovay et al. v. H. M. Byllesby & Co., Del. Ch., 12 A.2d 178; Bay Newfoundland Co. v. Wilson & Co., Del.Ch., 4 A.2d 668. That rule is applicable to this case." Laches,

---

[4] Whether the federal courts are bound to follow state law on the question of laches was posed but left unanswered in Dunn v. Wilson & Co., D.C.Del., 51 F. Supp. 655.

[5] Plaintiff's argument that she should not be barred by laches as she did not know the facts as alleged until recently is met by defendants' assertion that, as this action was brought on behalf of the corporate defendant, it is immaterial when plaintiff acquired knowledge of the facts, citing Arn v. Dunnett, 10 Cir., 93 F.2d 634, certiorari denied, 304 U.S. 577, 58 S.Ct. 1046, 82 L.Ed. 1540; Fleishhacker v. Blum, 9 Cir., 109 F.2d 543; Bovay v. H. M. Byllesby & Co., Del. Ch., 12 A.2d 178.

However, the allegations of the complaint point to domination and control by defendants. Quære: where a corporate defendant in this type of suit is dominated by individual defendants, should the statute of limitations be applied as a guide in determining the application of the doctrine of laches until after such domination and control cease. See Michelson v. Penney, 2 Cir., 135 F.2d 409; Schilling v. Parman, D.C., 35 F.2d 780; Adams v. Clarke, 9 Cir., 22 F.2d 957; United States v. Neustaedter, C.C., 149 F. 1010; National Bank of Commerce of Tacoma, Washington v. Wade, C.C., 84 F. 10; San Leandro Canning Co. v. Perillo, 211 Cal. 482, 295 P. 1026; Bailey v. Jacobs, 325 Pa. 187, 189 A. 320. To apply the statute of limitations theory in equity cases would enable those in control of a corporation to defraud it with immunity as long as they maintained control for the statutory period. Obviously, this would violate the principle that knowledge acquired by the directors who are charged with wrongdoing cannot bind the corporation.

therefore, consists of (1) inexcusable delay in instituting suit and (2) prejudice resulting therefrom. Loverich v. Warner, 3 Cir., 118 F.2d 690, 693. Hence, if the doctrine of laches is to be applied, more than the time element is to be considered; and until the defendants show by answer or otherwise that they come within the doctrine of laches as here defined, I do not think Paragraph 23 should be stricken.[6]

7. *Paragraphs 16–18 allege defendant H. V. Noll doing business as General Administration Co. made an illegal profit in connection with supervision and auditing of the corporate defendant and its subsidiaries.* Keenan v. Eshleman, 23 Del. Ch. 234, 2 A.2d 904, 120 A.L.R. 227, condemns director double- or self-dealing. Defendants' brief attempts to justify these transactions by asserting certain facts from which it is made to appear that the charges were reasonable. In fact, their argument sounds plausible. But, if there are facts which justify the auditing and supervising charges made against the corporate defendant and its nine subsidiaries, they should be put in defendants' answer and adduced at the trial. Defendants' motion as to these paragraphs denied.

8. *Paragraphs 19 and 20 complain of salary paid defendant H. V. Noll.* The allegation here is that H. V. Noll in the early days received a salary of $1,200 a year and that he is now receiving $10,000. There is no allegation, however, that the latter amount is excessive; and I am unable to indulge in the presumption that it is so excessive as to point to constructive fraud. In Koplar v. Warner Bros. Pictures, D.C.Del., 19 F.Supp. 173, this court suggested that as a matter of morals heavy salary payments may be questioned, but it was decided that as the directors had power to fix compensation, the court does not examine the amounts paid in the absence of fraud. Plaintiff fails to comply with Rule 9(b) as no fraud is charged. Defendants' motion as to these paragraphs granted.

9. *Paragraph 22 deals with certain loans made by the corporate defendant to defendant H. V. Noll.* While the paragraph alleges that the loans in question have been repaid, it states further that the sums borrowed by H. V. Noll were used to buy securities of the corporate defendant "at prices far below the face amount or book value thereof" and that thereafter the securities were sold to the corporate defendant "at par * * * and at * * * book value." These allegations point to a personal profit for Noll's benefit. True, there is no specific allegation of fraud, but if the loans have been repaid in an improper manner and should be deemed to have been repaid only to the extent of the market prices of the securities, the profit to Noll should be fully explained and justified at trial. Especially is this so in view of other allegations in the complaint which allege H. V. Noll's dominant position as an officer and director of the corporate defendant's affairs. Defendants' motion as to this paragraph denied.

10. *Paragraph 24 alleges that defendant W. R. Noll purchased stock from the corporate defendant and when the transaction was challenged he returned the shares and cancelled the purchase.* If there was anything improper in the purchase of the stock by this defendant, he corrected the situation when the transaction was questioned. This matter is, therefore, moot as against this defendant. Defendants' motion as to this paragraph granted.

11. *The complaint seeks the appointment of a receiver pendente lite.* The allegations of the whole complaint relate to past misconduct. As I have indicated before, some paragraphs of the complaint state a good cause of action, but this does not mean that the drastic remedy by receivership should be granted in the absence of a plain showing of some threatened loss or waste of the corporate defendant's assets. Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282; Maxwell v. Enterprise Wall Paper Manufacturing Co. et al., 3 Cir., 131 F.2d 400. No such showing is found in the complaint. Plaintiff's prayer for this particular relief denied.

An order in conformity with the foregoing may be submitted.

[6] The authorities are divided as to whether the statute of limitations and laches questions may be raised on a motion to dismiss. See Holmberg v. Hannaford, D.C., 28 F.Supp. 216; Dirk Ter Haar v. Seaboard Oil Co. of Delaware, D.C., 1 F. R.D. 598. Per contra, Hartford-Empire Co. v. Glenshaw Glass Co., D.C., 47 F. Supp. 711; Abram v. San Joaquin Cotton Oil Co., D.C., 46 F.Supp. 969; A. G. Reeves Steel Const. Co. v. Weiss, 6 Cir., 119 F.2d 472.