**Thomas J. LENAHAN, Plaintiff,**

v.

**NATIONAL COMPUTER ANALYSTS CORPORATION, a corporation of the State of Delaware, Defendant.**

Court of Chancery of Delaware, New Castle.

Aug. 27, 1973.

Howard L. Williams and Edward M. McNally of Morris, James, Hitchens & Williams, Wilmington and Dan L. Goldwasser, of Borden & Ball, New York City for plaintiff.

Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant.

MARVEL, Vice Chancellor:

In the complaint herein, which was filed on August 7, 1973, and in which plaintiff alleges that he is a director as well as a shareholder of the defendant corporation, he primarily seeks in his capacity as such director and stockholder, an order for the production of a list of stockholders of such corporation, written demand for such list having allegedly been made on July 31, 1973 [1] under the provisions of 8 Del.C. § 220. According to the complaint, such demand had been refused as of the time of the filing of the complaint, a fact admitted by defendant. On the other hand, defendant denies the right of plaintiff to have such list.

Under the terms of 8 Del.C. § 220 (which upon its adoption in 1967 transferred jurisdiction to enforce corporation inspection rights of stockholders from the Superior Court to this Court), the word "stockholder" is defined as a stockholder of record. Plaintiff now concedes [2] that he is not a stockholder of record of the defendant but rather claims that he is a beneficial owner of shares of stock of such corporation, of which, it is conceded, he is a director. As a beneficial owner of defendant's stock, plaintiff is not qualified to seek a list of defendant's stockholders under the provisions of 8 Del.C. § 220. [3] I conclude therefore that plaintiff, who clearly sues under the statute which pertains to the inspection rights of stockholders of record and not those of directors, may not under his present complaint obtain a list of stockholders of the defendant corporation.

Were this not so and assuming but not deciding that this Court has common law jurisdiction of the application of a director for a list of corporate stockholders, I am satisfied that while plaintiff sought and obtained an order shortening the time for

---

1. The actual date of demand, according to plaintiff's letter, was July 27, 1973.

2. Lenahan deposition pp. 93 and 94.

3. The same rule applied under mandamus, State v. Superior Oil Corp., 1 Terry 460, 40 Del. 460, 13 A.2d 453.

defendant to appear and answer, no request for a hearing date has been made to test his alleged prima facie right of inspection. His application for such list sought in his capacity as a director [4] will therefore be held in abeyance for the present. Compare Jefferis v. Mullen, 15 Del.Ch. 144, 132 A. 687, and see State v. Sperry Corp., 2 Terry 84, 41 Del. 84, 15 A.2d 661.

In the meantime, in a belated move to gain time in his effort to obtain a list of stockholders of the defendant corporation for the purpose of waging a proxy fight, plaintiff seeks injunctive relief against the holding of defendant's 1973 annual meeting of stockholders now scheduled for August 31, 1973. Thus, plaintiff seeks ". . . a reasonable time to communicate with the shareholders of NCA and to solicit their proxies," after he has obtained a list of such stockholders, arguing that in light of the treatment accorded him by incumbent management, including the allegedly precipitate action taken by his adversaries on defendant's board on July 26 in fixing and giving notice of the date of the annual meeting of stockholders of defendant for August 31, he should have, according to his counsel, approximately five weeks within which to conduct a meaningful proxy contest.

Thus, the sole matter now before this Court is plaintiff's application for the granting of a preliminary injunction postponing the presently scheduled August 31 meeting of stockholders of the defendant to a date which would allow plaintiff, after obtaining a list of stockholders of the defendant, thereafter to solicit proxies after SEC approval, action which was imminent as of argument on August 23.

First of all, there would appear to be no doubt but that the fixing of the date of August 31 for defendant's annual meeting of stockholders by defendant's board on July 26 was done in compliance with sections 2 and 3 of defendant's [5] by-laws. Thus, there has been no attempt on the part of defendant's management to seek to hamstring plaintiff's efforts to solicit proxies by advancing such meeting date, as is permitted under the terms of the Delaware Corporation Law, 8 Del.C. § 211, unless such change is for an inequitable purpose. See Schnell v. Chris-Craft (Del.Supr.Ct.) 285 A.2d 437, in which the annual meeting date for stockholders was advanced for the purpose of undermining plaintiff's proxy contest. Accordingly, plaintiff, aware that the regular annual meeting date had gone by as financial reports were awaited, cannot now contend, in my opinion, that there has been an improper manipulation of corporate machinery by management in light of the recited terms of the applicable corporate by-laws pertaining to the calling of annual meetings of stockholders of defendant of which plaintiff must be deemed to have had at least constructive knowledge.

In short, I conclude that in a situation in which time was obviously of the essence,

4. In the case of Henshaw v. American Cement Corp. (Del.Ch.) 252 A.2d 125, in which the Court's jurisdiction was apparently not questioned, the plaintiff director was also a stockholder of record. In State v. Seiberling Rubber Co., 3 Storey 295, 53 Del. 295, 168 A.2d 310, however, the plaintiff Farber, a director, proceeded by way of mandamus. See also Levien v. Deramus (Ct. of Ch., C.A. 3359, 1970), and Parrish v. Commonwealth Trust Co., 21 Del.Ch. 121, 181 A. 658.

5. "Section 2. Annual meetings of the stockholders, commencing with the year 1968, shall be held on the first Monday of April in each year if not a legal holiday, and if a legal holiday, then on the next secular day following, at 11:00 A. M., or at such other date and time as shall be designated from time to time by the board of directors and stated in the notice of the meeting

. . .

"Section 3. Written notice of the annual meeting stating the place, date and hour of the meeting shall be given to each stockholder entitled to vote at such meeting not less than ten nor more than fifty days before the date of the meeting."

plaintiff, after having failed to bring about the removal of defendant's president Sheehan through director action, a project which plaintiff had had in mind for over a year and which he was attempting to accomplish until late in July, 1973 by inducing the director Schechtman to ally himself with plaintiff in a vote against Sheehan's continuance as defendant's chief executive officer with the hope of an employment contract and the purchase of his NCA stock above the market being held out to Schechtman, belatedly decided on a proxy contest after being dropped from management's slate of directors on July 26. Thus, plaintiff, aware of Sheehan's desire to stay in office, not only waited unreasonably before bringing his 8 Del.C. § 220 action for such list but compounded such laches by failing to qualify as a stockholder of record of defendant.

■ I conclude that plaintiff's application for preliminary injunctive relief (a form of relief which will never be granted unless earned and unless an applicant for such form of relief has demonstrated that it is reasonably probable that he will succeed on final hearing) postponing the holding of the defendant's scheduled annual meeting, must, under the facts and circumstances of this case, be denied, the equities in favor of the holding[6] of the meeting as regularly scheduled outweighing those implicit in plaintiff's belated efforts to wage a proxy fight designed to preserve his status as a director of defendant and to bring about the removal of Sheehan as defendant's chief executive officer.

Plaintiff's application for the granting of a preliminary injunction postponing the annual meeting of stockholders of National Computers Analysts, now scheduled for August 31, 1973, is hereby denied.

On notice an appropriate order may be submitted.

6. "This Court recognizes that a Court will interfere with the holding of a stockholders' meeting with great reluctance." Campbell v. Loew's, Inc., 36 Del.Ch. 533, 134 A.2d 565, a case in which plaintiff claimed that the stockholders' meeting in question had been illegally called. Compare Empire Southern Gas Co. v. Gray, 29 Del.Ch. 95, 46 A.2d 741.